■ THE PEOPLE OF THE STATE OF NEW YORK Appellant, v KENNETH ARNOLD YARTER, JR., Respondent.—Appeal from an order of the County Court of Washington County, entered July 7, 1975, which granted a motion by defendant to suppress evidence. By order entered July 7, 1975, a motion by defendant to suppress evidence was granted. By decision dated December 23, 1975, a majority of this court voted to withhold determination of an appeal from said order and remitted the matter to the County Court of Washington County for additional findings. Two Justices, in dissent, voted to affirm the order appealed from. The pertinent facts and the issues raised are

fully set forth in our prior determination and need not be repeated at this time. By written decision dated February 5, 1976, the County Court of Washington County has set forth additional findings as required. The County Court has now found that marks on the defendant's body "were the result of trauma to defendant's body incurred during the interrogation period", and that "the police officers who testified related nothing explaining the existence of the marks and the other injury on defendant's body * * * and this was not consistent with their existence and especially so when the defendant was under constant police supervision from the middle of the afternoon of July 25 until he was delivered to the correctional facility on July 26." In *People v Valletutti* (297 NY 226) and in *People v Barbato* (254 NY 170, 176), the rule is set forth that where evidence indicates that a defendant has somehow sustained physical injury while in the custody of public officials, the prosecution bears the burden of accounting for the defendant's condition, and in the absence of a satisfactory accounting, admissions made during such custodial period cannot be found voluntary beyond a reasonable doubt. Denials of mistreatment by the police officers involved are insufficient to satisfy the People's burden of proof. *(People v Valletutti, supra,* p 230.) The finding by the County Court that the present defendant sustained injuries as the result of trauma while in the custody of police is amply supported by the weight of the evidence, and is affirmed. The People have failed to satisfactorily explain the defendant's condition. We therefore affirm the determination of the County Court that the voluntariness of defendant's admissions has not been established beyond a reasonable doubt. Order affirmed. Greenblott, J. P., Sweeney, Koreman, Main and Reynolds, JJ., concur.