OPINION OF THE COURT
Burton B. Roberts, J.
The defense has moved to reargue a motion to sever the first count of this indictment from the other five. The People oppose reargument on two grounds: 1. The motion to sever and a previous motion to reargue were denied by another Justice of this court; and 2. The joinder of the two offenses involved is proper in any event.
On its face, this indictment contains criminal charges which encompass two separate and distinct homicides. Count one of the indictment deals with the intentional murder of one Eugene Hayes, committed on October 21, 1977; counts two through six involve an intentional and felony murder as well as the underlying predicate felonies of robbery and burglary which occurred on November 2,1977. In all of these crimes Jose Acevedo was the alleged victim. Any consideration of the severance must begin with the *493 proposition that the joinder of unrelated though similar crimes is inherently prejudicial to the defendant.
However, before the severance issue can be considered, the court must deal with the issue of “law of the case”. Another Justice of this court has twice denied the severance requested in the instant motion. This court, prior to considering this motion to reargue, consulted with the Justice who rendered the prior decisions. That Justice concurred that this court, before whom the trial of this indictment will be conducted, should hear and decide any motion to reargue.
Even absent this consent, this court feels that it has inherent power to consider this question de nova for the following reasons.
The joinder in this case is based upon CPL 200.20 (subd 2, pars [b], [c]). Joinder under paragraph (c) is based solely on the fact that the two offenses are similar in law. For this reason, joinder of this type is discretionary with the court (CPL 200.20, subd 3). The inherent prejudice of joining two homicides as heinous as those alleged in this criminal action, overwhelmingly militates against this type of joinder. To permit such a joinder in this case would be an abuse of discretion.
Joinder under CPL 200.20 (subd 2, par [b]) is based upon the so-called Molineux rule (People v Molineux, 168 NY 264). Where the evidence of one crime is sufficiently probative on an issue in the second to outweigh the prejudice involved, then both crimes can be tried together. A court ruling on this issue must balance the probative value of the evidence against the potential prejudice to the defendant (People v Allweiss, 48 NY2d 40). This balancing test, while never easy to apply, is certainly more readily employed in the trial context for which it was designed. The difficulty of applying it to a pretrial motion to sever when the issues and evidence are not clearly defined is obvious (People v Yuk, Bui Yee, 94 Misc 2d 628). Indeed, this court on one occasion found it necessary to conduct a pretrial hearing to resolve the issue (People v Peterson, NYLJ, June 13, 1980, p 6, col 2). For this reason, this court feels that all motions for a severance or a motion for consolidation of offenses based on a Molineux theory *494 should, be referred to the trial court for decision immediately prior to trial. While this court — at least since it has been on the Bench — has never subscribed to the “game” theory of trial tactics, it must recognize the reality that it is only on the eve of trial that both the prosecution and defense have formulated their strategy and are forthcoming about it. An example of this phenomenon appears later in the discussion of the merits of this motion. Therefore, based upon the nature of this motion, and upon a public policy which frowns upon the application of “law of the case” to criminal defendants (People v Blake, 35 NY2d 331), the trial court always has the right to decide such a motion even if it entails overruling a Judge of co-ordinate jurisdiction. The theory of joinder is based in large measure on a desire for judicial economy. Economy, however, turns to profligacy, when one party desires to engrave in stone an error which would, in this court’s opinion, result in a reversal in the event of conviction. There is no economy nor is finality served in trying these two separate homicides three times rather than twice.
The People contend that these two homicides are joinable on a Molineux theory because the gun used in the Hayes killing was recovered from another participant in the Acevedo robbery-murder. The People also assert that a question and answer statement obtained from this defendant, is so intertwined, so commingles the two crimes that it could not be redacted.
Assuming that the gun is probative on the issue of the identity of the Hayes killer, it is the chain of possession of the weapon and not the facts of the Acevedo killing which directly bear on this issue. This type of evidence, assuming, arguendo, any probative weight at all, can be adduced without reference to the incident of November 2, 1977. The “unredactible” question and answer, upon further consideration by the court and both counsel, suddenly became readily subject to redaction, thus reinforcing this court’s previously mentioned view of the premature determination of this type of motion.
Accordingly, the motion to sever count one of this indictment from the remaining five counts is granted.