■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT GALLER and RUDY VASQUEZ, Respondents. — Appeal by the People from an order of the Supreme Court, Kings County, dated April 17, 1979, which, after a hearing, granted defendants' motion to suppress certain physical evidence. On February 11, 1980, this court modified the order, on the law and the facts, by deleting the provision which granted the motion to suppress as to defendant Rudy Vasquez and substituting a provision denying the motion as to him. As so modified, the order was affirmed. (See *People v Galler,* 74 AD2d 613.) Defendant Vasquez subsequently moved for reargument of the appeal. By order dated July 23, 1980, this court granted the motion "to the extent of permitting the parties to submit briefs upon reargument of said appeal." The briefs have been received and considered. Upon reargument we adhere to the original determination with respect to defendant Vasquez. Damiani, J. P., Mangano, Rabin and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD HAL-LINGQUEST, Appellant. — Appeals by defendant from two judgments of the Supreme Court, Kings County, both rendered July 21, 1978, the first convicting him of robbery in the first degree (four counts), upon a jury verdict, and imposing sentence, and the second convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. Judgments modified, on the law, by vacating the sentences imposed. As so modified, judgments affirmed and case remitted to Criminal Term for resentencing. In two separate Kings County indictments, the defendant was charged with armed robberies involving two car service vehicles. Upon the application of the People, and after severing from one indictment a count charging a nonjoinable offense, the court consolidated the two indictments for trial. On appeal, the defendant contends that such consolidation was improper and requires reversal. We disagree. As to each offense, the identification of the defendant as the perpetrator was strong. The first complainant had an ample opportunity to observe the defendant from a distance of only one and one-half feet during the commission of the crime. He later selected the defendant's photograph from an array and then identified him at a lineup. The other complainant also had a full opportunity to observe the defendant during the course of the second robbery. Moreover, each complainant unequivocally and without hesitation identified the defendant in court. Under these circumstances, it cannot be said that the Trial Judge abused his discretion by consolidating the two indictments for trial. (See *People v Jenkins,* 50 NY2d 981; CPL 200.20, subd 4.) We have examined the defendant's remaining contentions regarding the conduct of the proceedings and conclude that any error which may have been committed did not deprive him of a fair trial. We remand for resentencing, however, because, as the People concede, the defendant was not accorded an opportunity to speak in his own behalf prior to the imposition of sentence. (See CPL 380.50; *People v Wade,* 49 AD2d 770; cf. *People v McClain,* 35 NY2d 483, 492.) Mollen, P. J., Titone, Mangano and O'Connor, JJ., concur.