■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS E. HOKE, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered May 12, 1981, upon a verdict convicting defendant of the crimes of sodomy in the first degree and sodomy in the second degree. On this appeal defendant raises several legal arguments for reversal, only two of which, in our opinion, require consideration. In regard to the first, we find no merit to defendant's contention that the trial court erred in refusing to grant his motion for a trial severance of the separate incidents charged in the indictment. Although the attack on the 10-year-old male victim occurred some three days after the attack on the 13-year-old girl, all the crimes were joinable under CPL 200.20 (subd 2, par [c]) where, as here, they were "the same or similar in law" (*People v Jenkins,* 50 NY2d 981). The identification of defendant was positive in respect to both incidents. Therefore, prejudice arising from the possibility that the jury might aggregate the evidence relating to each incident has not been shown and the court did not abuse its discretion in requiring a single trial of all the crimes charged (*People v Hallingquest,* 79 AD2d 1010). In regard to the second contention, we find no error in the trial court's failure to apply the standard of voluntariness prescribed by *People v Yarter* (51 AD2d 835, affd 41 NY2d 830), which requires the People to bear the burden of accounting beyond a reasonable doubt for the condition of a defendant who somehow sustains injury while in police custody, and if they do not, or if the police merely deny any beating, to suffer the suppression of any statement made by a defendant so situated. The statements of this defendant regarding the attack on the boy were taken by Inspector Voss of the Albany Police Department at the time of defendant's initial arrest when, according to the inspector, whose testimony was credited by the suppression court, defendant bore no marks of any injury. It was only after those statements had been taken and after defendant had been transported to Lockup Division II, at a time when the inspector returned to speak with him about the incident involving the girl, that the inspector noticed that defendant's face was red and puffy. The inspector attempted to explain those injuries through a statement he attributed to defendant that defendant "was trying to kill himself" and by the presence of a strip of clothing around defendant's neck. Whether this explanation by the police is sufficient does not have to be considered in view of defendant's acquittal of the charges involving the girl. The injuries, occurring at the time that they did, could have had no effect on the voluntariness of the previous statements of defendant regarding the attack on the boy. Under these circumstances, the refusal of both the suppression court and the trial court to apply the standard of voluntariness prescribed by *People v Yarter* (*supra*) was not error as to defendant's statements concerning the assault on the boy and, therefore, reversal of his convictions of sodomy in the first and second degrees, which are based solely on the sexual assault of the boy, is not required. We have considered defendant's other contentions and find no merit therein. Accordingly, the judgment of conviction should be affirmed. Judgment affirmed. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.