■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD H. TANNER, JR., Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered January 17, 1983, upon a verdict convicting defendant of the crimes of rape in the first degree (one count), sodomy in the first degree (three counts) and menacing (two counts). ¶ In September, 1982, defendant was indicted in an eight-count indictment by an Ulster County Grand Jury. The first four counts of the indictment, consisting of one count of rape in the first degree, two counts of sodomy in the first degree and one count of menacing, stem from defendant's conduct on August 12, 1982; count five, sodomy in the first degree, relates to defendant's conduct on July 29, 1982; counts six through eight, attempted rape in the first degree, menacing and unlawful imprisonment in the first degree, relate to defendant's activities on August 25, 1982. ¶ After a lengthy jury trial, at which each of the three victims positively identified defendant, he was found guilty of the crime of rape in the first degree, three counts of the crime of sodomy in the first degree and two counts of the crime of menacing. Defendant was subsequently sentenced, *inter alia,* to two consecutive indeterminate terms of imprisonment of 6 to 18 years. ¶ Defendant's initial argument upon appeal is that County Court erred in denying his motion for a trial severance of the three separate incidents which gave rise to the charges in the indictment. We, however, find no error (see CPL 200.20; *People v Hoke,* 96 AD2d 677). ¶ Defendant next contends that a lineup conducted at the Ulster County Jail on August 27, 1982 was unduly suggestive. A review of the record, however, belies this contention. In any event, the in-court identification of defendant by the two complainants who separately viewed the lineup would have been admissible, as there clearly existed an independent basis for the in-court identification (*People v Adams,* 53 NY2d 241). ¶ Finally, defendant contends that the sentence imposed, insofar as it sentenced defendant to two consecutive terms of 6 to 18 years, was

harsh and excessive. The sentence, however, was well within the statutory guidelines (Penal Law, § 70.00, subd 2, par [b]; subd 3, par [b]) and, under the circumstances, was neither harsh nor excessive (*People v Dittmar,* 41 AD2d 788). The judgment should, therefore, be affirmed. ¶ Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.