■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL H. GROSS, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered Februrary 22, 1985, convicting defendant upon his plea of guilty of the crime of forgery in the second degree.

The gravamen of this appeal is whether the People established defendant's voluntary waiver of his *Miranda* rights. On September 8, 1984, Detective James O'Connell of the Binghamton Police Department undertook an investigation of the use of a stolen check in the purchase of a diamond ring two days earlier at the Van Cott Jewelry Store on Court Street in the City of Binghamton. It was determined that the perpetrator attempted to return the ring for cash at a different Van Cott store later that day. Defendant was implicated when clerks from both stores identified him from a photo array. In attempting to locate defendant, O'Connell and another detective observed defendant driving in the vicinity of his home. A radio registration check disclosed that defendant was operating a vehicle with switched plates. The officers stopped defendant's car, placed him under arrest and transported him to the police station. Prior to apprising defendant of his *Miranda* rights, O'Connell advised him of the nature and results of his

investigation: that the stolen check, which related to a burglary several days earlier was recovered from Van Cott's; that clerks from both stores made positive identification; and that depositions were obtained from various witnesses. O'Connell then proceeded to render the *Miranda* warnings, which defendant indicated he understood and agreed to waive. Thereafter, defendant admitted to writing the check knowing that it had been stolen. Following a *Huntley* hearing, County Court denied defendant's motion to suppress the statements as involuntary. Defendant then pleaded guilty to forgery in the second degree and was sentenced as a second felony offender to a term of 2 to 4 years' imprisonment.

Relying on *People v Campbell* (81 AD2d 300), defendant maintains that O'Connell's full recitation of the investigation results immediately prior to reading the *Miranda* warnings unduly interfered with defendant's ability to make an unpressured decision whether to waive his rights. We disagree. As County Court aptly observed, the *Campbell* case is readily distinguished from the matter at hand. In *Campbell,* the defendant was advised of his *Miranda* rights but, prior to expressly waiving them, the police effectively warned the defendant that a weapon found nearby would be subjected to fingerprint analysis and that it behooved him to acknowledge that the gun was his in advance *(supra,* at 302). The Second Department determined that such admonition constituted an improper attempt to induce a waiver of defendant's *Miranda* rights *(supra,* at 305).

We cannot agree that O'Connell's recitation of the evidence was similarly designed to evoke a statement from defendant. Confronting a defendant with evidence of guilt is not necessarily coercive conduct *(see,* 2 Ringel, Search & Seizures, Arrests and Confessions, § 25.2 [e]; *see also, People v Tarsia,* 50 NY2d 1, 11; *People v Zehner,* 112 AD2d 465, 466). Indeed, as County Court noted, by informing defendant of the evidence available, O'Connell actually assisted him in making an informed waiver decision. Moreover, unlike *Campbell,* defendant was fully apprised of his rights and agreed to waive them prior to making any statements. In our view, the procedure followed did not serve to impair defendant's ability to make a free choice to waive his right to counsel.

Defendant's further contention that the People failed to prove an unequivocal waiver of the right to counsel is unavailing. This argument centers on defendant's written response on the *Miranda* warning form as to whether he was willing to speak without a lawyer, indicating "Yes—Not at this time".

While we recognize that this response is unclear, both arresting officers affirmatively testified that defendant agreed to speak without the assistance of counsel. Upon this showing, County Court could properly determine that the waiver was definitive. Accordingly, the challenged statements were properly deemed admissible.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.