OPINION OF THE COURT
John V. Vaughn, J.
Defendant, charged with the crimes of use of a child in a sexual performance (two counts), endangering the welfare of a child (three counts), and sexual abuse, first degree (four counts), moves for a bill of particulars, severance of counts, and dismissal of counts 1, 2 and 3 of the indictment.
For the purpose of analysis and convenience, the offenses may be considered in three groups, each group containing all of the charges relating to one of the victims. Counts 1-3 deal with the charges of sexual performance and endangering the welfare of the child, J.C., aged seven. Counts 4-6 contain the charges of sexual abuse and endangering the welfare of the child, J., aged eight. Counts 7-9 deal with the charges of sexual abuse and endangering the welfare of the child, N., aged nine.
BILL OF PARTICULARS
1. The request for particulars as to counts 1 and 2, describing the type or nature of the sexual performance alleged to have been performed by the child, is granted to the extent of the information contained in the People’s opposing affidavit.
In these counts the indictment charges that the defendant induced a child under the age of 16 to engage in "sexual performance”. " 'Sexual performance’ ” means any performance which includes "sexual conduct” by a child less than 16 years of age (Penal Law § 263.00 [1]). " 'Sexual conduct’ ” in turn is defined as any "actual or simulated sexual intercourse, deviate sexual intercourse, sexual beastiality, masturbation, sado-machoistic abuse, or lewd exhibition of the genitals” (Penal Law § 263.00 [3]).
When the acts which may constitute a crime are varied, a defendant is entitled to a bill of particulars where it is *620 necessary to prepare for defense (People v Iannone, 45 NY2d 589; People v Fitzgerald, 45 NY2d 574). Contrary to the People’s contention, this principle would apply to particulars concerning the nature of any deviate sexual intercourse involved in a charge (People v Jackson, 46 NY2d 721).
Nevertheless, while maintaining that the defendant has no right to the particulars demanded, the People have indicated that the defendant is in possession of the pictures which form the basis of the charges in counts 1-3, and that the People maintain that these photos constitute a "lewd exhibition of the genitals”. This additional information is sufficient to comply with the defendant’s demand.
2. The request for particulars concerning the number of sexual performances which are the subject matter of count 3 (endangering the welfare of a child) of the indictment is granted to the extent of the information contained in the People’s opposing affidavit.
The affidavit submitted by the People in opposition to defendant’s demand satisfies the latter’s request as to whether the acts in count 3 of the indictment include both of the charges in counts 1 and 2.
3. The request for particulars concerning the "exact location” in which the crimes charged in counts 4-9 (sexual abuse and endangering the welfare of a child) occurred is granted to the extent of the information contained in the People’s opposing affidavit.
The defendant has not questioned the sufficiency of the allegations regarding the date of the commission of the alleged acts as contained in the indictment (see, People v Morris, 61 NY2d 290; People v Keindl, 68 NY2d 410). Defendant has, however, demanded particulars concerning the location of the commission of the alleged offenses. Defendant argues that the mere allegation that the crimes occurred in the Town of Brookhaven is insufficient. In reply, the People allege that because of the youth of the victims, the only additional information they can provide is that the acts occurred while the defendant was employed as a school bus driver and took place while on school premises or on route to and from the elementary school.
An indictment need only contain a statement that the offense charged was committed in a designated county (CPL 200.50 [5]). Additional information concerning the approximate place of the commission of the offenses charged may be *621 obtained by discovery (CPL 240.20 [1] [i]) or in a bill of particulars (see, People v Ricci, 59 Misc 2d 259). Where not an element of the crime, the function of such additional information is to enable the defendant to assert the bar of double jeopardy to any future prosecution, and to prevent any surprise (see, People v Morris, supra). The additional information contained in the People’s opposing affidavit satisfies this requirement. In addition, the People have indicated that they are unable to be more specific in light of the extreme youth of the victims (People v Morris, supra).
4. The request for particulars concerning the number of times the defendant allegedly touched the victim’s penis in count 9 of the indictment is denied.
The indictment alleges that the defendant touched the victim on numerous occasions throughout a specified period of time. There is no claim that the charge is duplicitous (People v Keindl, supra). Thus, any additional information is evidentiary in nature and not the proper subject matter of a bill of particulars.
SEVERANCE
Defendant moves (1) to sever counts 1-3 from the remainder of the indictment and (2) to then sever counts 4-6 from counts 7-9 of the indictment. In effect, the defendant is requesting three separate trials on this indictment.
In support of his application to sever counts 1-3 from the remainder of the indictment, the defendant argues, inter alia, that the counts in the indictment are not joinable under any of the provisions in CPL 200.20 (2) (a), (b) and (c), and that any joinder based upon the-similarity of counts 3, 6 and 9 (endangering the welfare of a child) would be an unnatural extension of the statute and unduly prejudicial. The defendant further argues that the joinder of counts 1 and 2 (established by photos of a naked child) would prejudice him by creating "a substantial likelihood that the jury would be unable to consider separately the proof as it relates to each offense”. Defendant concludes his argument by stating that counts 4-9, dealing with the touching of a child’s penis, would require his testimony denying the touchings, whereas counts 1 and 2 would be established by the use of the photos, and not require his testimony. In that light, he urges severance of those charges in the indictment.
Without elaboration, defendant argues that the same rea *622 sons require severance of counts 4-6 from 7-9 of the indictment since the joinder is based solely upon the fact that they involve violations of the same statute. Defendant argues that the testimony of one child can only inflame and prejudice the jury in connection with the other unrelated charges.
The statute provides that offenses are joinable (CPL 200.20 [2]) when:
"(a) They are based upon the same act or upon the same criminal transaction * * * or
"(b) Even though based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first; or
"(c) Even though based upon different criminal transactions, and even though not joinable pursuant to paragraph (b), such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law; or
"(d) Though not directly joinable with each other pursuant to paragraph (a), (b) or (c), each is so joinable with a third offense contained in the indictment. In such case, each of the three offenses may properly be joined not only with each of the other two but also with any further offense joinable with either of the other two, and the chain of joinder may be further extended accordingly.”
In order to obtain a severance, the defendant must establish either that the counts were not properly joinable, or seek a discretionary severance (see, People v Lane, 56 NY2d 1). The court has power to grant a severance only when the charges are joinable under paragraph (c) or (d) (CPL 200.20 [3]; People v Tarábanla, 130 AD2d 954). Such applications are directed to the court’s discretion and may be granted only in the interest of justice and for good cause shown. Good cause is defined by the statute as:
"Good cause shall include but not be limited to situations where there is:
"(a) Substantially more proof on one or more such joinable offenses than on others and there is a substantial likelihood that the jury would be unable to consider separately the proof as it relates to each offense.
"(b) A convincing showing that a defendant has both important testimony to give concerning one count and a genuine *623 need to refrain from testifying on the other, which satisfies the court that the risk of prejudice is substantial.” (CPL 200.20 [3].)
Contrary to the People’s contention, the court finds that the offenses are not based on the same act or criminal transactions. A criminal transaction consists of "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single. criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture.” (CPL 40.10 [2].) The acts in counts 1-3 (sexual performances) occurred at a different time and place than those in counts 4-9. Moreover, based upon the broad allegations of time set forth in counts 4-9, it is impossible to determine whether these were part of any single criminal transaction. However, evidence of the crimes charged in counts 4-6 (sexual abuse) might be admissible under counts 7-9 (sexual abuse) to negate any defense of mistake, accident or lack of intent, and would be joinable under the provisions of paragraph (b) of CPL 200.20 (2), a codification of the Molineux rule (People v Molineux, 168 NY 264). The resolution of the question as to whether evidence of the crimes in counts 1-3 would also be admissible on the trial of the other charges is not as easy to determine. The difficulty in applying an admissibility of evidence test in evaluating the joinability of offenses is that it involves an evidentiary rule at a time when trial strategies by both defense and prosecution have not been clearly formulated (see, People v Yuk Bui Yee, 94 Misc 2d 628).
Nevertheless, all of the offenses in the indictment are joinable under paragraphs (c) and (d) of the statute. (CPL 200.20 [2].) There is always some inherent prejudice in the joinder of similar, though unrelated, crimes under paragraph (c) of the statute (People v Negron, 105 Misc 2d 492) yet such joinders have been frequently upheld (see, People v Gonzaque, 25 NY2d 867; People v Luciano, 277 NY 348; People v Hoke, 96 AD2d 677).
In any event, there should be close scrutiny of joinders under paragraphs (c) and (d) where applicable, since the joinder is usually one of convenience to the court and prosecution, and, notwithstanding instructions to the jury to consider the evidence of each crime separately, there is always some *624 danger that evidence of one crime will improperly effect consideration of the others by the jury.
In this indictment, the crimes are easily separated in terms of time and place. Each charge refers to sexual acts with underage children. Although there does not appear to be any greater amount of evidence in support of one charge over the others, there is a substantial difference in the type and quality of the evidence. The first three counts will be established by pictures of a nude male child whereas the remaining counts will depend on the testimony of the children. Under these circumstances, there is a substantial likelihood that the jury would be unable to consider separately the proof as it relates to each offense. Moreover, defendant has indicated a need to testify on counts 4-9 and not on the charges in counts 1-3, where he will not contest the taking of the pictures.
Accordingly, the application for a severance is granted to the extent that counts 1-3 will be severed (People v Babb, 194 Misc 5; People v King, 53 NYS2d 894; cf, People v Hoke, supra), and is otherwise denied (see, People v Lombardi, 20 NY2d 266; People v Shapiro, 50 NY2d 747).
DISMISSAL OF COUNTS 1-2, UNCONSTITUTIONAL
Defendant argues that Penal Law § 263.05 (use of a child in a sexual performance) as it applies to this case is "so broad, vague, irrational and arbitrary, that it serves no legitimate State interest”, and is "in violation of the right of free expression as guaranteed by the New York State Constitution * * * and is penally excessive and violative of the doctrine of equal protection of the laws.”
In support of his position, defendant points out that the definition under the statute would cover any photograph, including "a parent * * * taking photographs of a newborn on a bearskin rug * * * or the artistic pursuit of a photographer photographing the beauty of youth in a non-obscene manner”.
There is a strong presumption of constitutionality which attaches to the enactments of the State Legislature (Fenster v Leary, 20 NY2d 309). Under this rule, a court of original jurisdiction should strike down a State statute on constitutional grounds only as a last resort, and only when the conclusion of unconstitutionality is inescapable (Matter of Spielvogel v Ford, 1 NY2d 687, appeal dismissed 352 US 957; McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [a]).
The court does not agree with the defendant’s contention *625 that the statute is overly broad, vague, and serves no legitimate State interest. Initially, the court notes that the primary function of the "void for vagueness” doctrine is to insure that a statute is stated in terms that are reasonably definite so that a person of ordinary intelligence would know what is prohibited (People v Byron 17 NY2d 64, 67). This concept insures that the defendant will receive adequate warning of what the rule requires so that he may act lawfully and it further serves to prevent arbitrary and discriminatory enforcement by requiring boundaries sufficiently distinct for police, Judges and juries to fairly administer the law (People v Cruz, 48 NY2d 419).
Insofar as it is applicable here, the statute provides (Penal Law § 263.05): "A person is guilty of the use of a child in a sexual performance if knowing the character and content thereof he employs, authorizes or induces a child less than 16 years of age to engage in a sexual performance”. Performance includes a "photograph” (Penal Law § 263.00 [4]). " 'Sexual performance’ ” is one which includes "sexual conduct” that may consist of a number of activities, including the "lewd exhibition of the genitals” (Penal Law § 263.00 [1], [3]).
In New York v Ferber (458 US 747) the court, in construing similar language in section 263.15 of the Penal Law (promoting a sexual performance by a child) held that the statute was not unconstitutionally overbroad, and that child pornography was not entitled to First Amendment protection even where the material was not obscene under constitutional standards. The court pointed out that the States had greater leeway in the regulation of pornographic depicting of children for a number of reasons among which were (1) the legislative judgment that the use of children as subjects of pornographic materials is harmful to the physiological, emotional and mental health of the child easily passes muster under the First Amendment; (2) the standard of Miller v California (413 US 15) for determining what is legally obscene is not a satisfactory solution to the child pornography problem; (3) the value of permitting a live performance and photographic reproductions of children engaged in lewd exhibitions is exceedingly modest, if not de minimis; and (4) recognizing and classifying child pornography as a category of material outside the First Amendment protection is not incompatible with the court’s earlier decisions dealing with protected speech. In two footnotes, the court recognized:
"[Footnote 9:] 'The use of children as . . . subjects of *626 pornographic materials is very harmful to both the children and the society as a whole’ * * * It has been found that sexually exploited children are unable to develop healthy affectionate relationships in later life, have sexual disfunctions, and have a tendency to become sexual abusers as adults.”
"[Footnote 10:] As one authority has explained:
" '[P]ornography poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child’s actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating * * *
" 'It is the fear of exposure and the tension of keeping the act secret that seem to have the most profound emotional repercussions’ ”. (Supra, at 758-759, nn 9, 10.)
The court was aware that there might be situations, such as the publication of a medical textbook or pictorials in National Geographic in which the First Amendment protections might come into play. However, the court concluded that this problem with the statute could be cured through "case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied.” (Supra, at 774.)
On remand, the Court of Appeals held that nonobscene sexual depictions of young boys masturbating were not protected by the State Constitution, but also declined to "anticipate questions as to the constitutionality of the statute as applied to other factual situations.” (People v Ferber, 57 NY2d 256, 259, supra.)
In this case we have nude photographs of a seven-year-old male which are alleged to constitute "lewd exhibition of the genitals”. The phrase is not unduly vague or unfamiliar in the criminal law, and was, in fact, given as an example of permissive State regulation in Miller v California (413 US 15, 25, supra). Similarly, in People v McIntyre (77 AD2d 810) the court held that an uncle’s act of taking photographs of his 12-year-old niece in various degrees of undress and in various postures constituted a sexual performance under the statute.
Accordingly, the application to dismiss counts 1 and 2 is denied.
DISMISSAL OF COUNTS 1-3, INSUFFICIENCY OF GRAND JURY EVIDENCE
Defendant moves to dismiss counts 1-3 of the indictment *627 upon the grounds that the evidence before that body was insufficient to establish the offenses charged. Defendant argues that an examination of the photographs and the Grand Jury’s testimony will clearly establish the insufficiency of the evidence. In support of that position, the defendant further argues that mere nudity is not lewd even where there is a graphic depiction or exhibition of the genital area.
The court disagrees. The evidence before the Grand Jury was sufficient to establish the requisite reasonable cause to believe that the defendant committed the crimes charged or lesser included offenses thereof (see, People v Jennings, 69 NY2d 103). The cases relied upon by the defendant to support his claim that even graphic depiction of the genitals was not obscene all dealt with adult behavior under different statutes. As previously stated, the statutes involved in this case deal with the effect upon an infant of conduct that is less than obscene. The courts have already held that the mere photographing of a 12 year old in various degrees of undress and in various postures was a sexual performance which was punishable under this statute (People v McIntyre, supra).
The case is on the Trial Calendar for March 21, 1988.