(March 31, 1988)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CLEMENTE CASIANO, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered February 13, 1985, upon a verdict convicting defendant of the crimes of rape in the first degree (three counts), sodomy in the first degree, sexual abuse in the first degree (two counts) and attempted rape in the first degree.

The relevant facts upon which these convictions are based are as follows. On March 31, 1984, a 16-year-old girl was walking to a grocery store when she was abducted and forced into defendant's car at knifepoint. Over the course of the next several hours, the young girl was repeatedly raped and sodomized. At one point, defendant's vehicle became stuck in a ditch, causing him to enlist the aid of a local homeowner and two motorists who happened along the road. Eventually, defendant shoved the young girl out of the car and she went to a nearby house for help.

On July 10, 1984, an 18-year-old girl left her sister's house to use the pay phone across the street. While she was on the phone, defendant grabbed her from behind, told her to be quiet as he had a knife and attempted to force her inside his car. Thereafter, a man and woman pulled up in their car and inquired if everything was alright, at which time the 18-year-old girl managed to break loose. The two individuals followed defendant's car, obtained his license plate number and provided it to the police. The following day, defendant was taken into custody. He was advised of his *Miranda* rights and gave a statement to the police admitting that he grabbed the 18-year-old girl from behind, put a bottle opener to her throat and attempted to force her into his car for the purpose of having sex with her.

In August 1984, defendant was indicted in a single 11-count indictment in connection with both the March and July 1984 incidents. Prior to trial, defendant moved to sever counts 1 through 8 of the indictment, stemming from the attack upon the younger girl, from counts 9 through 11, stemming from the incident involving the older girl, and for separate trials. Defendant contended that the incidents were not part of any scheme or common plan and were disassociated in time and place, that the first incident involved far more serious charges and that he confessed to part of the second incident but denied involvement in the first incident. After a denial of the motion, a trial ensued resulting in defendant's conviction and the imposition of consecutive indeterminate prison sentences of 12½ years to 25 years and 7½ years to 15 years. Defendant

contends that County Court erred in denying his motion for a severance.

We disagree. In the instant case, the crimes charged in the indictment were "the same or similar in law" (CPL 200.20 [2] [c]) and, consequently, were properly joinable *(see, People v Jenkins,* 50 NY2d 981; *People v Mack,* 111 AD2d 186, 188). When the crimes charged in the indictment are defined by the same or similar statutory provisions, applications for severance are addressed to the trial court's sound discretion pursuant to CPL 200.20 (3) *(People v Lane,* 56 NY2d 1, 7). We are not persuaded that any of defendant's contentions warrant severance " 'in the interest of justice and for good cause shown' " *(supra,* at 7).

Next, we find nothing in the record supportive of the conclusion that defendant suffered actual prejudice. The proof with respect to each incident was overwhelming and there was no substantial difference in the quantum of proof at trial for the different crimes. Both victims had the opportunity to observe defendant, positively identified him in a lineup and, unequivocally and without hesitation, identified him during trial. Moreover, the three men who assisted defendant with his car on the night of the March 1984 incident and the two individuals who observed the July 1984 incident all identified defendant in a lineup and in court. Under these circumstances "the possibility that the jury might aggregate the evidence relating to each incident has not been shown" *(People v Hoke,* 96 AD2d 677; *see, People v Gilliam,* 112 AD2d 475, *lv denied* 66 NY2d 919; *People v Tanner,* 103 AD2d 952). Proof of each crime was presented separately and clearly and was easily discernible and segregable in the jury's mind. Finally, the jury was instructed by County Court that they could not consider any evidence with respect to the first incident while deliberating on the later one, to avoid the possibility of any prejudice to defendant. We may presume that this instruction was followed *(see, Opper v United States,* 348 US 84, 95).

We cannot say that County Court abused its discretion in denying defendant's severance motion upon the record before us. Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.