■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MERCER, Appellant.—Judgment unanimously affirmed. Memorandum: County Court did not abuse its discretion in denying defendant's motion for a severance (see, People v Lane, 56 NY2d 1; People v Casiano, 138 AD2d 892, lv denied 72 NY2d 857; People v Telford, 134 AD2d 632, lv denied 71 NY2d 903). Defendant concedes that the crimes charged in the indictment were "the same or similar in law" (CPL 200.20 [2] [c]), and, consequently, were properly joinable (see, People v Lane, supra; People v Jenkins, 50 NY2d 981; People v Telford, supra). Where, as here, the crimes charged in the indictment are defined by the same or similar statutory provisions, applications for severance are addressed to the sound discretion of the court (CPL 200.20 [3]; People v Lane, supra, at 7; People v Casiano, supra, at 894).

Defendant was charged with sexually assaulting three different teen-age girls on three different occasions. His primary defense at trial was a claim of insanity. Under these circumstances, " 'the possibility that the jury might aggregate the evidence relating to each incident has not been shown' " (People v Casiano, supra, at 894, quoting People v Hoke, 96 AD2d 677; see also, People v Tanner, 103 AD2d 952). In addition, the jury was instructed by the court that they could not consider evidence with respect to one incident as evidence of one of the other incidents (see, People v Casiano, supra, at 894; People v Telford, supra; People v Clark, 129 AD2d 724, 725; People v Mack, 111 AD2d 186, 188). In our view, the court properly weighed the public interest in avoiding duplicative, lengthy and expensive trials against the defendant's interest in being protected from an unfair advantage in favor of the People (see, People v Lane, supra, at 8; People v Angelo, 133 AD2d 832).

We have reviewed the other claims raised by the defendant on this appeal and conclude they are without merit. (Appeal from judgment of Niagara County Court, Hannigan, J.—sodomy, first degree, and other charges.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.