■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CAPOZZI, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court properly precluded defendant from introducing evidence of three other uncharged sex crimes committed in the Delaware Park area on dates when defendant could not have committed them. These uncharged crimes were neither unique nor sufficiently similar to

the crimes charged in the indictment to support an inference that the same individual was responsible for all the crimes. "[E]vidence tending to establish that a defendant did not commit uncharged crimes is, because of its irrelevancy, similarly inadmissible as evidence-in-chief to establish that the defendant did not commit the charged crime" *(People v Johnson,* 47 NY2d 785, 786, *cert denied* 444 US 857; *see also, People v Lawson,* 71 NY2d 950, 952-953). Testimony of other victims concerning other crimes committed in a different manner and on different dates has no probative value in determining whether this defendant committed the crimes charged in the indictment *(People v Johnson,* 62 AD2d 555, 559, *affd* 47 NY2d 785, supra).

Defendant's remaining claims lack merit. The court did not abuse its discretion in denying defendant's motion for severance because the crimes charged in the indictment were "the same or similar in law" (CPL 200.20 [2] [c]; *People v Jenkins,* 50 NY2d 981; *People v Pierce,* 141 AD2d 864, 865, *lv denied* 72 NY2d 923) and there was no substantial difference with respect to the quantum of the People's proof separately presented for each incident *(see, People v Mack,* 111 AD2d 186, 188, *lv denied* 66 NY2d 616). Under these circumstances, the possibility that the jury might aggregate the evidence relating to each incident was purely speculative *(see, People v Lane,* 56 NY2d 1; *People v Casiano,* 138 AD2d 892, 894, *lv denied* 72 NY2d 857; *People v Andrews,* 109 AD2d 939, 942-943; *People v Napolitano,* 106 AD2d 304, *affd* 66 NY2d 852; *People v Hoke,* 96 AD2d 677). The record belies defendant's claim that the lineup was unduly suggestive. Each participant fairly represented defendant's physical characteristics *(see, People v Burns,* 138 AD2d 614, 615, *lv denied* 71 NY2d 1024; *People v Mason,* 123 AD2d 720, *lv denied* 69 NY2d 714) and defense counsel did not object to the lineup composition or procedure. Finally, on this record defendant's convictions are not contrary to the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495) and there is no reason to reverse defendant's convictions in the interest of justice. (Appeal from judgment of Supreme Court, Erie County, Doyle, J.—rape, first degree, and other charges.) Present—Callahan, J. P., Doerr, Boomer, Green and Davis, JJ.