■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN McDOUGALD, Appellant.—Judgment unanimously affirmed. Memorandum: The court did not abuse its discretion in denying defendant's motion for a severance because the crimes charged were "the same or similar in law" (CPL 200.20 [2] [c]; see also, People v Jenkins, 50 NY2d 981; People v Mercer, 151 AD2d 1004). There was no substantial difference in the quantum of proof presented with respect to the separate sexual assaults, and defendant made no claim that he had important testimony to offer on one incident but had a genuine need to refrain from testifying regarding the other event (see, CPL 200.20 [3]; People v Lane, 56 NY2d 1). The assertion that the trier of fact, here the court, would be unable to consider separately the evidence pertaining to each event was purely speculative (see, People v Capozzi, 152 AD2d 985; People v Mercer, supra; People v Casiano, 138 AD2d 892, 894, lv denied 72 NY2d 857; People v Napolitano, 106 AD2d 304, affd 66 NY2d 852).

We also conclude that the sentences imposed were not harsh or excessive and that, upon our independent review of the record, the trial court's determinations of guilt were not contrary to the weight of evidence (see, People v Bleakley, 69 NY2d 490, 495). (Appeal from judgment of Supreme Court, Erie County, Maloy, J.—rape, first degree, and other charges.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.