(January 25, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH C. GROVES, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered June 3, 1988 upon a verdict convicting defendant of the crimes of rape in the second degree (two counts) and rape in the third degree (two counts).

In June 1988, a Grand Jury returned an indictment charging defendant with two counts of the crime of rape in the second degree and two counts of rape in the third degree. These charges stemmed from defendant's confessed repeated sexual contact with two young girls, ages 12 and 14. Defendant's pretrial motion to suppress his statements to the police was denied following a hearing. A jury trial was then held and defendant was convicted of all counts in the indictment and was sentenced to prison terms of 2 to 6 years on each count of rape in the second degree and 1⅓ to 4 years on each count of rape in the third degree, all terms to run consecutively to each other. This appeal by defendant followed.

Initially, we reject defendant's argument that County Court erred in ruling his inculpatory statements admissible at trial. Basically, defendant contends that there is no indication in the record to support a finding that he knowingly and voluntarily waived his *Miranda* right to have counsel present during questioning. This contention lacks merit. Paragraphs three and four of defendant's rights waiver form, which were init-

ialed by defendant, clearly informed him of his rights pertaining to having counsel present at questioning. Defendant signed this form at the bottom. Further, the detective who interviewed defendant testified unequivocally at the *Huntley* hearing that he read defendant his *Miranda* rights prior to questioning, had defendant read his rights aloud from his waiver form and then asked defendant if he understood those rights, to which defendant responded affirmatively. The detective also testified that defendant was fully cooperative throughout the interview. Upon this showing, County Court could properly determine that the waiver of rights by defendant was definitive and, therefore, the confession was properly admitted *(see, People v Gross,* 127 AD2d 892).

Next, defendant contends that he should have received separate trials for those counts of the indictment relating to each victim. Because he did not receive two separate trials, defendant asserts that his conviction on all counts can be attributed to the prejudicial effect upon the jury of being tried on crimes against separate victims at the same time. At the outset we note that the issue of severance was not brought up before County Court and, accordingly, the People argue that the issue is not properly before this court pursuant to CPL 470.05. Regardless of whether defendant preserved his right to appeal on this ground, we find that this case was not one for which two separate trials were mandatory. Here, the crimes charged in the indictment were "the same or similar in law" (CPL 200.20 [2] [c]) and, therefore, were properly joinable *(see, People v Casiano,* 138 AD2d 892, *lv denied* 72 NY2d 857). Significantly, the proof with respect to the crimes relating to each victim was overwhelming and that proof was presented separately and clearly so that it could be easily distinguished by the jury *(see, supra).* Further, there was no substantial difference in the quantity of proof presented at trial for the different crimes because, for each offense, the proof consisted of the respective victim's testimony and the corresponding separate confession of defendant. "Under these circumstances 'the possibility that the jury might aggregate the evidence relating to each incident has not been shown' " *(supra,* at 894, quoting *People v Hoke,* 96 AD2d 677; *see, People v Gilliam,* 112 AD2d 475, *lv denied* 66 NY2d 919; *People v Tanner,* 103 AD2d 952).

Defendant next asserts that the People failed to prove his guilt beyond a reasonable doubt. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it is legally sufficient to support

the jury's verdict. Significantly, the jury had defendant's own confession before it which detailed the repeated contact between defendant and the victims. This confession was corroborated by the specific testimony from the victims themselves. Defendant chiefly faults the jury for not believing his version of the relevant facts. However, since the jury was free to discount defendant's explanation and credit the victims' testimony *(see, People v Crutchfield,* 149 AD2d 857, *lv denied* 74 NY2d 738), no basis for reversal is presented here.

The remaining contentions of defendant have been examined and have been found to be similarly without merit. Contrary to defendant's arguments, it was not an abuse of discretion for the Trial Judge to fail to recuse himself from this case simply because that Judge had presided over an earlier unrelated Family Court proceeding in which defendant was a party. The instant case, where the Trial Judge merely presided, clearly differs from a Family Court proceeding where findings of fact are made by the court. Defendant makes no claim that the Trial Judge was disqualified from presiding over this case under Judiciary Law § 14, and we find no abuse of discretion in the Trial Judge's determination that he would have no difficulty in being fair and impartial in this case *(see, People v Moreno,* 70 NY2d 403, 405-406; *People v Wilkins,* 147 AD2d 729, 730, *lv denied* 73 NY2d 1023).

Additionally, defendant was not deprived of his constitutional right to the effective assistance of counsel *(see,* US Const 6th Amend; NY Const, art I, § 6). Our review of the record convinces us that defendant was afforded his right to meaningful representation under all the circumstances *(see, People v Baldi,* 54 NY2d 137, 147). This right does not entitle a defendant to a flawless performance by his counsel *(see, People v LaBree,* 34 NY2d 257, 260-261). Accordingly, we will not engage in a hindsight analysis of counsel's tactical decisions at trial at this stage of the proceedings *(see, People v Civitello,* 152 AD2d 812).

Finally, we are unpersuaded that defendant's sentence is harsh and excessive, especially in light of the exploitive nature of defendant's crimes combined with his apparent lack of remorse or concern over the physical and psychological damage he inflicted upon the two young victims.

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Mercure and Harvey, JJ., concur.