■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE WEBB, Also Known as TYRONE GULLEY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of three counts of robbery in the first degree (Penal Law § 160.15 [4]) arising from two separate armed robberies in downtown Niagara Falls. The trial court did not abuse its discretion in denying defendant's motion for a severance because the crimes charged were "the same or similar in law" (CPL 200.20 [2] [c]; *see, People v Lane,* 56 NY2d 1; *People v Jenkins,* 50 NY2d 981; *People v Davis,* 156 AD2d 969; *People v McDougald,* 155 AD2d 867; *People v Mercer,* 151 AD2d 1004, *lv denied* 74 NY2d 815).

At trial, a prosecution witness who had failed to identify defendant at a pretrial corporeal lineup improperly identified him in violation of CPL 60.30. It is clear from the record that the improper in-court identification was gratuitous and not elicited in response to the prosecutor's question. In view of the trial court's prompt curative instructions to the jury to disregard such testimony and the fact that another witness properly identified defendant, that error does not warrant reversal *(see, People v Berg,* 59 NY2d 294, 297, 299-300; *People v Evans,* 136 AD2d 562, *lv denied* 71 NY2d 1026).

We find no merit to defendant's remaining claims that he was deprived of a fair trial by prosecutorial misconduct, that the trial court's instructions to the jury were improper, that a statement made at his booking should have been suppressed, or that he was deprived of a fair trial because he was not present at a preindictment hearing on an order to show cause why he should not appear in a lineup. With respect to the latter claim, there is no record of that hearing and thus it cannot be reviewed. In any event, it is clear that a suspect

may be compelled to appear in a lineup (see, Matter of Abe A., 56 NY2d 288, 291). There is likewise no merit to defendant's claims of error with respect to the court's evidentiary rulings. (Appeal from judgment of Niagara County Court, DiFlorio, J. —robbery, first degree.) Present—Dillon, P. J., Callahan, Denman, Balio and Davis, JJ.