■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON ESPINAR, Also Known as RAMON JOSE ESPANAR, Also Known as RAMON ESPINAL, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court did not abuse its discretion in granting the People's motion for consolidation of two indictments. The offenses charged in each indictment arose out of the same criminal transaction as that term is defined in CPL 40.10 (2), and defendant failed to demonstrate good cause for separate trials of the offenses charged in each indictment *(see,* CPL 200.20 [5]; *People v Lane,* 56 NY2d 1). There was no substantial difference in the quantum of proof on each indictment and no contention by defendant that he had important testimony to offer on the charges on one indictment but had a genuine need to refrain from testifying regarding the charges in the other indictment *(see, People v McDougald,* 155 AD2d 867, *lv denied* 75 NY2d 870). Finally, the proof was not so detailed or complex that there was a likelihood that the jury would be unable to consider separately the evidence pertaining to each of the events *(see, People v Casiano,* 138 AD2d 892, 894, *lv denied* 72 NY2d 857).

The sentence imposed was lawful, and we perceive no reason to exercise our discretionary power of modification.

(Appeal from judgment of Onondaga County Court, Burke, J.
—criminal sale of controlled substance, third degree.) Present
—Boomer, J. P., Green, Pine, Balio and Davis, JJ.