■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. LENTZ, Appellant.—Judgment unanimously affirmed. Memorandum: On March 1, 1988, State Police investigators executed a search warrant at an apartment in the City of Rome and seized approximately one pound of cocaine, a handgun and several other items. Defendant was charged with criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). The court denied his motion to suppress the physical evidence, as well as certain statements that defendant made to the police. Defendant entered a plea of guilty to one count of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) in satisfaction of both the indictment and an unindicted charge of attempted murder in the second degree. The plea agreement was conditioned upon imposition of a sentence of 8⅓ years to life imprisonment.

We find that the search warrant was properly issued upon a finding of probable cause. We note that the two-pronged Aguilar-Spinelli test (see, Aguilar v Texas, 378 US 108; Spinelli v United States, 393 US 410) is inapplicable because a

confidential informant, upon whose testimony the warrant was issued, appeared in person before the issuing Magistrate *(see, People v Taylor,* 73 NY2d 683, 688). The informant averred that, on February 29, 1988, she went to defendant's residence and attempted to purchase cocaine. While there, she saw defendant inhale a white powder through his nose. He refused to sell cocaine to her, but gave her some, which she then gave to State Police investigators who were stationed outside the apartment. The informant also averred that defendant told her that he expected a substantial shipment of cocaine that evening. We conclude that the Magistrate was provided with information sufficient to support a reasonable belief that evidence of a crime could be found in the apartment *(see, People v Bigelow,* 66 NY2d 417, 423), and the search warrant was properly issued.

We also conclude that the suppression court did not err in refusing to suppress defendant's statements. The court was free to credit the testimony of the People's witnesses who testified that defendant was advised of his *Miranda* rights and did not request an attorney. Moreover, the People satisfied their burden of accounting for the bloody nose which defendant sustained during the execution of the warrant *(see, People v Yarter,* 51 AD2d 835, 836, *affd* 41 NY2d 830, *cert denied* 433 US 910).

We find no merit to defendant's argument that he was entitled to disclosure of the personnel records of one of the State Police investigators *(see,* Civil Rights Law § 50-a). Additionally, we find no error in the rulings made by the suppression court during cross-examination of an Assistant District Attorney concerning unrelated conduct of a State Police investigator (Richardson, Evidence § 490 [Prince 10th ed]).

Finally, we conclude that the sentencing court did not abuse its discretion in sentencing defendant, in accordance with the plea agreement, to a term of 8⅓ years to life imprisonment. (Appeal from Judgment of Oneida County Court, Buckley, J.— Criminal Possession Controlled Substance, 2nd Degree.) Present—Dillon, P. J., Doerr, Balio, Lawton and Davis, JJ.