OPINION OF THE COURT
Emerson R Avery, Jr., J.
The above-named defendant has been charged by a Grand Jury of this county with 19 counts of one form or another of *589 mistreatment of her own six-year-old daughter, alleged to have occurred on one day in September of last year. The first five counts (each count based on one of five photographs) charge the defendant with use of a child in a sexual performance (Penal Law § 263.05); the next five counts, based on the same five photographs, charge the defendant with promoting a sexual performance by a child (Penal Law § 263.15); the final group of five (counts 11 through 15), based on defendant’s possession of the negatives of the same five photographs, charge the defendant with possessing a sexual performance by a child (Penal Law § 263.16). Count 16 charges sexual abuse in the first degree, and the final three counts charge endangering the welfare of three children (the girl being photographed and her two siblings, who were present at the time).
Defendant moves, inter alia, for in camera inspection of the Grand Jury minutes, for disclosure of the minutes and of the prosecution’s charge, and for dismissal or reduction of the indictment or the counts thereof. In particular, defense counsel questions the adequacy of the People’s charge concerning sexual performance, and questions whether there was any evidence in support of what he assumes was accomplice testimony. The prosecution has not opposed inspection of the Grand Jury minutes, and this branch of the motion is therefore granted. The Court has read the minutes, and now turns to the remaining branches of defendant’s motion.
The Court’s review of the transcript discloses no novel points of law or other reason making release of the minutes “necessary to assist the court in making its determination on the motion” (CPL 210.30 [3]); defendant’s request for such disclosure is therefore denied.
The prosecutor presenting the case to the Grand Jury commendably organized and identified the charges so that the Grand Jury could vote on each of the three charges (use, promoting and possessing a child’s sexual performance) as to each of five individual photographs (exhibits 5 through 9) and negatives (exhibits 11 through 15). All the photographs are of the defendant’s own six-year-old daughter alone (with one exception), are grainy, out of focus, and contain no unusual clothing, props or stage dressing; according to the defendant’s statement (exhibit 4), they were impromptu and initiated in fun by the girl herself. One photo (exhibit 8) includes the defendant’s hand. One photo (exhibit 9) depicts the girl’s bare *590 stomach/chest, three (exhibits 5, 6, and 8) show her bare buttocks, and one (exhibit 7) is a frontal view from sternum to the floor, which shows the girl’s shirt pulled up and her shorts down around her knees.
All the crimes charged in the first 15 counts include as an element “sexual conduct,” which is defined as:
“actual or simulated sexual intercourse, deviate sexual intercourse, sexual beastiality [sic], masturbation, sado-masochistic abuse, or lewd exhibition of the genitals.” (Penal Law § 263.00 [3].)
None of the photographs depict anything remotely resembling intercourse, bestiality, masturbation, or sado-masochistic abuse, actual or simulated. Thus, for any of these photographs to constitute legally sufficient evidence of any of the first 15 counts of this indictment, it must constitute a “lewd exhibition of the genitals.” Exhibit 7 is the only photograph in which genitals are visible, and in the absence of evidence of this element, every count based on exhibits 5, 6, 8 and 9 (to wit: counts 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 14 and 15) must be dismissed.
Whether or not there was sufficient evidence presented to support the Grand Jury’s vote to indict the defendant on counts 3, 8 and 13 (the counts based on exhibits 7 and 13 [13 is the negative of exhibit 7]) depends on the legal sufficiency of evidence that that photo constitutes an “exhibition” of genitals, as opposed to merely showing genitals, and more importantly, whether there was proof that such display was a “lewd exhibition,” a required element of these charges. Because a Grand Jury’s conclusion that a given photograph is a lewd exhibition is all that stands between indictment for a felony and a harmless family activity, it is vital that a Grand Jury be properly charged as to the legal meaning of this element. Because these terms are commonly used, yet not necessarily with the same meaning as required in a criminal statute, the jury has to be instructed as to the heightened significance of those words when they constitute an element of a crime. Finally, because the word “lewd” is so vulnerable to individual subjective interpretation, the jurors (not to mention the defendant) are entitled to an objective, preferably statutory or common-law, definition.
The Legislature was well aware of the history of obscenity and the now familiar United States Supreme Court conclusion concerning community standards, but charges involving obscenity appear in a different article of the Penal Law (art 235), and the focus of the two articles is quite different: the obscenity statutes deal with protection of the public and the ef *591 feet that obscene material might have on viewers, while the focus of article 263 is to protect children from being exploited. While intending to “employ broad measures to eradicate child pornography in all its forms” (People v Keyes, 75 NY2d 343, 348), the states are constitutionally permitted to regulate certain behavior (child pornography) which may be less than obscene without depriving citizens of the protection of the First Amendment (New York v Ferber, 458 US 747). The Legislature was faced with how to define these crimes in such a way as to exclude such harmless, commonplace actions as a parent’s photographing his or her infant child(ren) in the bathtub, etc. The Legislature attempted to distinguish between the two by providing in article 263 that to constitute a crime, the behavior must involve more than mere nudity: first, genitals must be visible; second, they must be more than merely visible — they must be exhibited; and finally, the exhibition of genitals must be lewd. Thus, even as to three counts based on exhibit 7,[1] the girl’s partial nakedness does not necessarily qualify as either an exhibition or as lewd. For behavior to be lewd, the actor must do something in addition to merely being nude. Simple, quiescent nudity, even in a very public place, has been held to not constitute the crime of public lewdness (Penal Law § 245.00; People v Hardy, 77 Misc 2d 1092; compare with People v Ferber, 57 NY2d 256 [after remand]; Matter of Jeffrey V., 185 AD2d 241; People v Capitello, 139 Misc 2d 618). As stated above, a method for distinguishing between having a child participate in pornography and an innocent family photograph or artistic depiction of a nude child is at the heart of a system of criminal jurisprudence. In our system, this role, if imperfectly fulfilled by the Legislature, falls to Grand Juries, whose role is to remove the innocent from the jaws of criminal prosecution, but not by relying on their subjective interpretation of lewdness, because that reflects, at most, a community standard, a concept central to article 235, which has no bearing on these article 263 charges.
The People gave the Grand Jury no instruction either as to the definition of exhibition or lewd, thereby leaving the jurors without any guidance as to how to determine if the defendant’s conduct was criminal or not. The mere fact that there is no statutory definition for a term which is crucial to determining whether a defendant’s actions are criminal (the case as to both “lewd” and “exhibition”) does not relieve the People of their *592 obligation to fully charge the Grand Jury; even dictionary definitions would have provided a uniform meaning.[2] Granted, CPL 190.30 (7) provides that while it is mandatory for a trial court to charge a petit jury, it is only optional for the prosecution in presenting a case to the Grand Jury. Nevertheless, the Court of Appeals has held that even though a Grand Jury need not be instructed with the same precision required for a trial jury, the prosecutor must provide the Grand. Jury “with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime” (People v Calbud, Inc., 49 NY2d 389, 394-395). This admonition is especially applicable in this case, where neither of the two elements (lewd and exhibition) were defined for the Grand Jury, yet are so vulnerable to subjective interpretation. The Grand Jury received no definition or guidance concerning these crucial terms, and therefore they were deprived of any guideline against which to determine whether or not every element of the crime had indeed been supported by sufficient evidence. In a case involving the distinction between matters of law and matters of fact (the respective provinces of the court and the jury), the Court of Appeals has held that vis-a-vis the District Attorney, the Grand Jury is responsible for making both judgments,[3] but added “[h]owever, the question whether there is sufficient evidence of each element of a crime lies at the very heart of the decision to vote an indictment. Consequently, we agree with the courts below that the instructions given in this case impaired the integrity of the Grand Jury proceeding, and require dismissal of the indictment” (People v Batashure, 75 NY2d 306, 311-312; see also People v Caracciola, 78 NY2d 1021).
The fact that the Grand Jury needed this guidance is apparent from the fact that it erroneously indicted this defendant on 12 other counts involving lewd exhibition of the genitals when (as to those counts) there was no display of genitals at all— exhibited, lewd or otherwise.
Count number 16 of the indictment charges the defendant with sexual abuse in the first degree. The instructions given to *593 the Grand Jury consisted of a reading of the statutory definition of the crime itself (Penal Law § 130.65 [3]), of sexual contact, and of this particular child’s legal incapacity to consent (nonage). There is proof that the child was under 11 years of age, but there is no evidence to support the remaining element of this crime, sexual contact. That phrase is defined in Penal Law § 130.00 (3) as “any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party.” The evidence of a touching appears in exhibit 8, which shows a hand grasping the child’s buttock; that it was the defendant’s hand is shown by her November 3rd written statement (exhibit 4). Thus the Grand Jury had evidence of a touching and of the child’s age (by her birth certificate, exhibit 2), but no evidence of the remaining element of sexual gratification. The mere touching of a six-year-old girl’s buttock by her mother is not a fact from which an inference of sexual gratification can be drawn; on such proof, a Grand Jury would have to indict every parent who ever changed his or her child’s diaper. Absent either factual evidence of sexual gratification or evidentiary support for such an inference, the evidence offered fails to support all the elements of this crime, and this count must also be dismissed.
The final three counts of the indictment allege endangering the welfare of a child in violation of Penal Law § 260.10 (1). For an indictment to surpass the statutory threshold (CPL 190.65), the prosecution is obliged to produce a prima facie showing that the defendant’s taking these pictures of her daughter was “likely to be injurious to the physical, mental or moral welfare,” of her daughter (count 18) and the other two children present (counts 17 and 19) and that she knowingly did so nevertheless. While no particular purpose or artistic value appears in these five photos, or in the defendant’s behavior with her children, the issue here is whether or not this incident was likely to be injurious to the children and known by the defendant to be so. Again, there is no evidence that this mother’s taking several pictures of her daughter, even naked, and even in the presence of the girl’s seven-year-old sister and five-year-old brother, is likely to be harmful to her or to them; neither was there any evidence from which the Grand Jury could have inferred that it was likely to be injurious to the children, nor any basis for its conclusion that the defendant knew that it was. Secondly, in view of the fact that the grand jurors had by then concluded that each of the five *594 photographs constituted three separate felonies, it is highly likely that the basis for their concluding that the photo session was likely to be injurious to the children was their belief that felonious conduct (the first 16 counts) involving a child is ipso facto likely to be harmful to children.
For the foregoing reasons, and due deliberation having been had, the Court finds that due to the absence of instruction as to two crucial elements of the counts of this indictment, the integrity of this Grand Jury proceeding was impaired to the prejudice of the defendant, and that the indictment herein must be dismissed (CPL 210.35 [5]; see also, People v Ramos, 223 AD2d 495, lv denied 87 NY2d 1024; People v Doe, 178 Misc 2d 908).
It is hereby ordered that the defendant’s motion to dismiss the indictment is granted, and it is further ordered that the other branches of defendant’s motion are deemed moot, and it is further ordered that in accordance with CPL 210.45 (8), the current securing order is hereby terminated. If bail has been posted, it is exonerated; if the defendant is in custody, she is to be discharged forthwith.

. As well as 13, its negative.

. Other courts have recognized the need to define the term when it appears in similar statutes; see, e.g., United States v Dost, 636 F Supp 828, affd sub nom. United States v Wiegand, 812 F2d 1239, cert denied 484 US 856.

. While People v Batashure (75 NY2d 306) involves the role of the Grand Jury versus the District Attorney in determining sufficiency of evidence, as between the Grand Jury and the court, see People v Norman, 85 NY2d 609.