■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WASHPUN, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a conviction of assault in the second degree arising out of his attack upon his former girlfriend, defendant contends that the assault count of the indictment was not properly joined with the other four counts charging separate crimes committed against the same victim; that the court erred in ruling that he could be cross-examined as to certain prior crimes involving the same victim; and that the court improperly restricted defendant's cross-examination of the victim concerning her "jealousy."

The court properly denied defendant's motion to sever the assault count because it had no discretion to sever counts which were properly joined under CPL 200.20 (2) (b) (see, People v Bongarzone, 69 NY2d 892, 895; People v Lane, 56 NY2d 1, 7). CPL 200.20 (2) (b) provides that two offenses are joinable when they are of such nature that proof of one would be material and admissible as evidence-in-chief upon a trial of the other. Evidence of other crimes is admissible, among other instances, where it proves motive or demonstrates a common scheme or plan (People v Molineux, 168 NY 264, 293). Here, the assault charge was properly joined with the burglary and criminal mischief charges inasmuch as defendant's arrest for the earlier incidents showed a possible motive for the subsequent assault upon the same victim (cf., People v Roides, 124 AD2d 967, lv denied 69 NY2d 886). Moreover, the crimes were properly joinable as part of a common scheme or plan. The fact that all of the charged crimes involved defendant's girlfriend satisfies the requirement that they be similar in character (see, People v Fiore, 34 NY2d 81) and the fact that defendant's acts were motivated by animosity toward his former girlfriend shows that they were part of a common plan (cf., People v Fasano, 11 NY2d 436, 444).

The court did not abuse its discretion in ruling that the prosecution could inquire into certain of defendant's prior criminal convictions. Insofar as the acts underlying those convictions involved breaking into the victim's house and acts of violence against her, they were probative of defendant's honesty and integrity and willingness to place his own interest above the interests of society (People v Sandoval, 34 NY2d 371, 376-377). Moreover, such inquiry was not barred by the mere similarity of the prior convictions to the charged crimes (People v Pavao, 59 NY2d 282, 292).

Finally, the court did not err in precluding defendant from asking the victim if she knew defendant's ex-wife and whether she was "jealous of" defendant. The determination of relevancy and the permissible scope of cross-examination are entrusted to the sound discretion of the trial court *(People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998; *People v Duffy,* 36 NY2d 258, 262-263, *cert denied* 423 US 861). The court properly determined that the risk of confusing the jury with proof of other relationships outweighed the probative value of such evidence to show the victim's hostility. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—assault, second degree.) Present—Dillon, P. J., Denman, Balio, Lawton and Davis, JJ.