■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON PARASCHIV, Appellant.—Appeal by the defendant from four judgments of the Supreme Court, Queens County (Sherman, J.), all rendered October 7, 1988, convicting him of kidnapping in the second degree, sodomy in the first degree (three counts), assault in the second degree, coercion in the first degree and criminal possession of a weapon in the fourth degree under indictment No. 3643/87, assault in the second degree, criminal possession of a weapon in the fourth degree and endangering the welfare of a child under indictment No. 4702/87, assault in the second degree, intimidating a victim or witness in the second degree (two counts), tampering with a witness in the third degree, criminal possession of a weapon in the fourth degree, coercion in the first degree, and unlawful imprisonment in the second degree under indictment No. 5072/87, and intimidating a victim or witness in the third degree (two counts) under indictment No. 1127/88, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that the joint trial of indictments Nos. 3643/87, 4702/87 and 5072/87 deprived him of his right to a fair trial and that he is therefore entitled to reversal and separate new trials on each of those indictments. We disagree.

The decision to jointly try separate indictments under CPL 200.20 (2) (c) is committed to the sound discretion of the Trial Judge in light of the circumstances of the individual case *(see, People v Lane,* 56 NY2d 1). Furthermore, there is a strong public policy inherent in encouraging joint trials in order to avoid duplicative, lengthy, and excessive trials *(see, People v Angelo,* 133 AD2d 832). These goals were clearly served in this case where the wife of the defendant was called upon to testify not only as to those crimes charged in the second and

third indictments involving her as a victim but also as to those crimes charged in the first indictment involving their son as a victim. Furthermore, there was no substantial difference in the quantity of proof for the crimes charged in the three indictments (see, People v Martin, 141 AD2d 854). After all the evidence had been offered as to the crimes involving the defendant's son, the trial court pointedly instructed the jury that it was not to consider that evidence in regard to the charges that had yet to be presented (see generally, People v Roopchand, 107 AD2d 35, affd 65 NY2d 837). In view of the foregoing, we conclude that the court properly exercised its discretion in directing a joint trial of the indictments.

We have reviewed the defendant's remaining contentions and find they do not require reversal. Thompson, J. P., Kunzeman, Lawrence and Rosenblatt, JJ., concur.