THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DAVIDSON SIMMS, Appellant.—Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered September 14, 1988, convicting defendant, after a jury trial, of three counts of robbery in the first degree (Penal Law § 160.15 [3]) and one count of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]), and sentencing him to consecutive, indeterminate terms of imprisonment of from three to nine years on the robbery counts and from two to six years on the attempted robbery count, unanimously affirmed.

By indictment filed July 9, 1987, defendant was charged with four separate knife-point robberies and one attempted knife-point robbery, all occurring between June 9 and June 18, 1987, and involving unaccompanied women using automatic cash machines in mid-town Manhattan.* Prior to trial, defendant moved to sever the counts of the indictment pursuant to CPL 200.20 (3), arguing, *inter alia,* that there was a substantial likelihood that the jury would be unable to consider the proof with respect to each offense separately.

In denying defendant's motion to sever, the trial court found that the robbery and attempted robbery counts were properly joinable under CPL 200.20 (2) (c), because they alleged offenses "defined by the same or similar statutory provisions". The court further held that defendant had failed to establish that severance was warranted "in the interest of justice and for good cause shown". (CPL 200.20 [3].)

On appeal, defendant argues that the cumulative prejudicial effect of the evidence of the four crimes deprived him of a fair trial. We affirm.

Upon examination of this record, we conclude that the charges were joinable pursuant to CPL 200.20 (2) (c), and that the court did not abuse its discretion in denying defendant's motion to sever. *(See, People v Lane,* 56 NY2d 1, 8.) That the evidence linking defendant to the attempted robbery, in which he left behind his wallet containing identification, was extremely damaging does not persuade us to find otherwise, since the proof of defendant's guilt of the remaining counts was equally incriminating. All of the victims identified defendant in the lineup and at trial, and defendant provided the police with written, signed confessions to each of the robberies, admitting specific details which were corroborated by the victims' accounts. Thus, there was no material variance in the

---

* One count of robbery in the first degree was ultimately dismissed due to delay in locating the victim, who had moved to California.

quantity of proof presented at trial with respect to the various offenses.

We have reviewed the additional arguments raised on appeal in defendant's *pro se* supplemental brief and find them to be without merit. Concur—Sullivan, J. P., Carro, Ellerin, Ross and Kassal, JJ.