■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOSEA R. JACKSON, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered February 8, 1990, upon a verdict convicting defendant of the crimes of burglary in the second degree (eight counts), petit larceny (seven counts) and criminal possession of stolen property in the fifth degree.

Defendant appeals the judgment of conviction stemming from his participation in several burglaries in the City of Albany during December 1988 and January 1989. The relevant facts, as adduced at trial, reveal that a burglary took place in late January 1989 at Donna La Vance's apartment during which, *inter alia,* her school ring was stolen. That same day defendant apparently sold the ring and other items to Wendell Williams, owner of Ferris Stamp and Coin Company in Albany. Williams had written a secondhand dealer's slip describing the items and signed by the seller. As part of an investigation into a series of recent burglaries, Albany Police Detective George McNally reviewed the secondhand dealer's slip and obtained a description of defendant from Williams. McNally was subsequently informed that defendant would be at a certain shop in the City of Troy, Rensselaer County, where, on February 8, 1989, defendant was arrested for possession of stolen property relating to the sale of La Vance's ring. Defendant was then brought back to an Albany police station at approximately 1:00 P.M. and placed in a cell after a brief period of questioning.

At approximately 8:00 P.M., defendant agreed to speak with the police and told Detective Kenneth Kennedy that he had committed burglaries to support a heavy cocaine habit. Defendant was then asked what burglaries he had committed and, aided by previously filed police reports, defendant eventually admitted to eight burglaries at various Albany addresses.

Defendant was subsequently indicted on nine counts of

burglary in the second degree, seven counts of petit larceny, one count of grand larceny in the fourth degree and one count of criminal possession of stolen property in the fifth degree. County Court subsequently denied defendant's motion for severance and separate trials on each count of the indictment and refused to suppress defendant's confessions. After trial, defendant was convicted of eight counts of burglary in the second degree, seven counts of petit larceny (including one count as the lesser included offense of the grand larceny charge) and one count of criminal possession of stolen property in the fifth degree. Defendant was then sentenced to consecutive prison terms of 4 to 12 years on each of the burglary counts and to one-year terms on each of the seven petit larceny counts, to be served concurrently with the associated burglary convictions. In addition, defendant was sentenced to a concurrent one-year term on the criminal possession of stolen property conviction. This appeal followed.

We affirm. Initially, we reject defendant's argument that County Court erred in denying his severance motion. Under these circumstances, a court may grant a motion for severance when justice requires and for good cause shown (see, CPL 200.20 [3]). In deciding, the court should weigh "the public interest in avoiding duplicative, lengthy and expensive trials against the defendant's interest in being protected from an unfair advantage in favor of the People" (People v Mercer, 151 AD2d 1004, lv denied 74 NY2d 815). The relevant issue here distills to whether "there is a substantial likelihood that the jury would be unable to consider separately the proof as it relates to each offense" (CPL 200.20 [3] [a]). In our view, the evidence on each charge was overwhelming, clear and separately presented (see, People v Groves, 157 AD2d 970, lv denied 75 NY2d 919) so that any prejudice from the possibility that the jury would aggregate evidence was not shown and County Court cannot be said to have abused its discretion in denying the motion (see, People v Hoke, 96 AD2d 677).

We likewise reject defendant's argument that County Court erroneously denied defendant's attempts to suppress his confessions on the ground that the People failed to show such statements were voluntary beyond a reasonable doubt. Whether a statement has been coerced so as to be involuntary depends on the totality of the circumstances (see, People v Anderson, 42 NY2d 35, 38). Although defendant was detained without arraignment for seven hours, this factor alone is not determinative (see, People v Hopkins, 58 NY2d 1079) and must be weighed with other considerations, such as whether defen-

dant was subject to continuous interrogation *(see, People v Benitez,* 128 AD2d 628), denied sleep or food *(see, supra; cf., People v Anderson, supra)* and read the *Miranda* warnings *(see, People v Tarsia,* 50 NY2d 1, 12). Here, defendant was read his *Miranda* rights, given food and, although he was questioned for some time, began confessing almost immediately. Accordingly, absent other indications of coercion, defendant's detention here did not render his statements involuntary *(see, People v Tarsia, supra).*

Nor did County Court err in failing to charge the jury regarding the voluntariness of defendant's statements *(see,* CPL 710.70 [3]). In failing to object to County Court's charge, defendant waived his right to raise this issue on appeal *(see, People v Goddard,* 150 AD2d 794, *lv denied* 74 NY2d 809). We further note that, in any event, defendant failed to adduce evidence at trial sufficient to raise a question of fact for the jury in this regard *(see,* CPL 710.70 [3]; *People v Cefaro,* 23 NY2d 283).

We have examined defendant's remaining arguments, including alleged trial errors, ineffective assistance of counsel and excessiveness of his sentence, and summarily find them all of insufficient merit to warrant reversal of the conviction in this instance.

Mikoll, Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed.