■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER BRENNIN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered April 3, 1990, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's conviction is predicated on two distinct robberies occurring on August 29, 1987, and August 31, 1987. When the defendant was arrested for the second robbery, he confessed to both robberies. Thereafter, he was identified by the victim of the second robbery.

We find that the court did not improvidently exercise its discretion in denying the defendant's motion to sever the two robbery counts. The crimes were properly joined as they were "the same or similar in law" (CPL 200.20 [2] [c]). There was no material variance in the quantity of proof presented at trial with respect to both robberies *(see, People v Simms,* 172 AD2d 336; *People v Martin,* 141 AD2d 856). Further, the defendant made various statements at the time of his arrest for the second robbery which were relevant to the first robbery *(see, People v Quartieri,* 171 AD2d 889). The defendant's assertion that the jury would be unable to consider separately the

evidence pertaining to each event was purely speculative *(see, People v McDougald,* 155 AD2d 867). In addition, the court instructed the jury to consider the evidence presented as to each robbery separately, which instruction we may presume was followed *(see, People v Hall,* 169 AD2d 778).

We also reject the defendant's contention that the lineup procedures conducted by the police were unduly suggestive. The record reveals that the individuals comprising the lineup were reasonably similar in appearance to the defendant. Moreover, the lineup was not rendered unduly suggestive when the police told a witness that a suspect would be in it *(see, People v Brito,* 179 AD2d 666).

In addition, we find that the defendant was not denied a fair trial by the court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371). The court precluded inquiry into the underlying facts of the defendant's prior convictions and thus properly struck a balance between the probative value of those convictions and the potential for unfair prejudice *(see, People v Gamble,* 182 AD2d 703; *People v Hunter,* 180 AD2d 752).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Harwood, Balletta and Eiber, JJ., concur.