■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY McFARLANE, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered July 14, 1989, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree under Indictment No. 10114/89, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, rendered November 3, 1989, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 12832/88, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

With respect to the crimes charged under Indictment No. 10114/89, the undercover officer confirmed the defendant's identity as the seller within five minutes of his arrest and again at the stationhouse during the defendant's processing. At the trial, in addition to the identification testimony, the People's evidence established that the defendant was arrested within five minutes of the drug transaction a half of a block away from the location where it took place, and that $10 of prerecorded money was found on his person.

The defendant's mother testified that the defendant had been at her house, located on the same block as the location of the drug transaction and the arrest, on the night of the incident for about 30 minutes, eating dinner. The defendant's mother also testified that although she was not wearing a watch or watching the clock, it was no more than 10 minutes after the defendant left her house when a neighbor came and told her that her son was being arrested outside.

On these facts, the trial court should have instructed the jury on the People's burden of disproving the defendant's alibi, since the defense counsel requested such an instruction and the defendant's mother's testimony that her son was at her house having dinner minutes before his arrest was legally sufficient to raise the defense of alibi *(see, People v Warren,* 76 NY2d 773, 775; *People v Jack,* 74 NY2d 708, 709; *People v Holt,* 67 NY2d 819, 820-821). However, given the weakness of the alibi evidence, the strength of the identification testimony, and the over-all adequacy of the court's charge that the

People bore the burden of proving the defendant's guilt beyond a reasonable doubt, along with an expanded, detailed instruction regarding identification testimony *(see, People v Whalen,* 59 NY2d 273, 279), the court's refusal to give an alibi charge constitutes harmless error which does not require reversal *(see, People v Warren, supra).*

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.