■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT JONES, Appellant. [663 NYS2d 654] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered January 4, 1996, convicting him of robbery in the first degree, criminal possession of stolen property in the third degree, criminal possession of stolen property in the fifth degree (two counts), and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The indictment charged the defendant, *inter alia*, with robbery in the first and second degrees in connection with the theft of an automobile and criminal possession of stolen property in the third degree and fifth degree (two counts) in connection with a separate incident. Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in denying the defendant's motions to sever the two counts of robbery from the three counts of criminal possession of stolen property. Separate offenses are joinable in a single indictment and may be tried together under CPL 200.20 (2) (b), where "[e]ven though based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first." Here, the evidence regarding the robberies would have been admissible at the trial for criminal possession of stolen property and vice versa.

Moreover, there is nothing in the record to support the defendant's claim that he suffered actual prejudice as a result of the denial of his severance applications. His claim that the jury was unable to consider separately the evidence pertaining to each incident is purely speculative (*see, People v Brennin*,

184 AD2d 715; *People v McNeil*, 165 AD2d 882, 883; *People v Martin*, 141 AD2d 854), especially in light of the fact that he was acquitted on one count in the indictment. We note there was no substantial difference in the quantity of proof presented for the separate crimes charged. Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.