■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY MERRITT, Appellant. [698 NYS2d 735] —Cardona, P. J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered November 21, 1997, upon a verdict convicting defendant of four counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged with four counts of criminal possession of a controlled substance in the seventh degree and four counts of criminal sale of a controlled substance in the third degree arising from his sale of crack cocaine to undercover police officers on four separate occasions between January 1997 and May 1997. The first sale occurred on January 29, 1997 in the City of Hudson, Columbia County, when defendant allegedly sold a quantity of cocaine to State Police Investigator Michael Bryan, who was working undercover. The remaining sales were allegedly made to undercover Columbia County Deputy Sheriff Natalie Stewart, two on April 10, 1997 at different locations, and a third on May 29, 1997 in a parking lot in the Town of Greenport, Columbia County. Following trial, a jury convicted defendant of four counts of criminal sale of a controlled substance in the third degree. He was sentenced to consecutive terms of 3 to 9 years in prison on each count and now appeals.

Defendant argues that joinder of the four separate offenses for purposes of trial deprived him of a fair trial. In particular, he asserts that the cumulative weight of the proof depicted him as possessing a criminal propensity to commit drug-related crimes, thereby leading the jury to convict him of the sales on April 10, 1997 and May 29, 1997 even though he had an alibi defense with respect to those charges. Initially, we note that defendant has not preserved this claim for our review inasmuch as he neglected to request a severance of the charges and demonstrate to County Court that severance should be granted "in the interest of justice and for good cause shown" (CPL 200.20 [3]; *see, People v Lane*, 56 NY2d 1, 7).

Nevertheless, even if properly preserved, we would find the contention without merit. CPL 200.20 (2) (c) provides that two or more offenses are properly joined "[e]ven though based upon different criminal transactions * * * [if] such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law". Here, all four crimes involve the same conduct and are covered under the same provision of the Penal Law (*see*, Penal Law § 220.39 [1]). Notably, the prosecution presented persuasive proof of each sale relying upon the testimony of the undercover officers involved as well as tape recordings of the sales for which defendant claimed an alibi defense (*see*, *People v Jackson*, 178 AD2d 851, 852, *lv denied* 79 NY2d 1002; *People v Simms*, 172 AD2d 336, *lv denied* 78 NY2d 974). Furthermore, the prosecution separately presented the proof for each sale so that it was clearly divisible and not likely to confuse the jury or cause them to consider the evidence in the aggregate (*see*, *People v Jackson, supra*, at 852; *People v Casiano*, 138 AD2d 892, 893, *lv denied* 72 NY2d 857). We therefore would not find that defendant was deprived of a fair trial.

Defendant further contends that County Court failed to give proper instructions to the jury with respect to, *inter alia*, the prosecution's burden to disprove his alibi defense and the evaluation of identification testimony. Inasmuch as defendant did not request specific instructions or object to the instructions given by County Court, he also failed to preserve these claims for appellate review (*see*, *People v Teen*, 200 AD2d 785, 786, *lv denied* 83 NY2d 859). In any event, we find the arguments unpersuasive. Turning first to the alibi defense, defendant presented testimony from his fiancée and father that he was out of town during the week of April 10, 1997 and attended a social event on May 29, 1997. While County Court did not provide a specific instruction on the burden of proof concerning the alibi defense, it correctly instructed the jury that the prosecution bore the burden of proving defendant's guilt beyond a reasonable doubt and further emphasized that defendant "has no burden whatsoever of proving or disproving anything". In view of the overall sufficiency of the court's charge on the burden of proof (*see*, *People v Alava*, 216 AD2d 794, 795, *lv denied* 87 NY2d 897; *People v McFarlane*, 187 AD2d 734, *lv denied* 81 NY2d 843) and the strength of the testimony of the undercover officers directly implicating defendant in the commission of the crimes herein, any error by County Court in failing to give specific instructions on the alibi defense was harmless.

With respect to the identification evidence, County Court

properly instructed the jury that the prosecution bears the burden of proving that defendant committed the crimes charged and also gave a general instruction on weighing the credibility of witness testimony. In our view, an expanded identification charge was not necessary under the circumstances presented herein (*see, People v Whalen*, 59 NY2d 273, 279; *People v Hues*, 244 AD2d 713, *affd* 92 NY2d 413). We have considered defendant's remaining contentions, including his claim of prosecutorial misconduct, and find them either unpreserved for our review or lacking in merit.

Mikoll, Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed.