■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK HARRIS, Appellant. [759 NYS2d 6] —Judgment, Supreme Court, New York County (Micki Scherer, J., on severance motion; William Wetzel, J., at jury trial and sentence), rendered November 24, 1999, convicting defendant of robbery in the first degree, burglary in the first degree, robbery in the second degree (two counts), burglary in the second degree (three counts), robbery in the third degree, and grand larceny in the fourth degree (three counts), and sentencing him, as a persistent violent felony offender, to an aggregate term of 85 years to

life, unanimously modified, on the law, to the extent of reducing the sentence on the third-degree robbery conviction to a term of 3½ to 7 years and on the grand larceny convictions to terms of 2 to 4 years, and substituting second felony offender adjudications as to those convictions in place of persistent violent felony offender adjudications, and, as a matter of discretion in the interest of justice, to the extent of directing that all sentences be served concurrently, resulting in an aggregate term of 25 years to life, and otherwise affirmed.

The motion court properly exercised its discretion in denying severance of the counts relating to the separate incidents. These counts were properly joined under CPL 200.20 (2) (c) and defendant did not establish good cause for a severance (*see* CPL 200.20 [3]). Contrary to defendant's contention, the People's evidence regarding each incident was equally strong and the incidents could be easily separated in the minds of the jurors (*see People v Simms*, 172 AD2d 336 [1991], *lv denied* 78 NY2d 974 [1991]; *People v Streitferdt*, 169 AD2d 171, 176 [1991], *lv denied* 78 NY2d 1015 [1991]). Furthermore, defendant failed to make a convincing showing that he had important testimony to give concerning some counts and a strong need to refrain from testifying as to others (*see People v Lane*, 56 NY2d 1 [1982]).

The totality of the record establishes that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]). Defendant has failed to show "the absence of strategic or other legitimate explanations" for counsel's conduct (*People v Rivera*, 71 NY2d 705, 709 [1988]), or that counsel's purported errors deprived defendant of a fair trial or affected the result (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]).

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]).

Defendant was improperly sentenced as a persistent violent felony offender on the third-degree robbery and fourth-degree grand larceny convictions, since these crimes are not violent felony offenses. Accordingly, the sentences on those convictions are reduced as indicated. We also find the sentence to be excessive to the extent indicated. Concur—Tom, J.P., Andrias, Rosenberger and Williams, JJ.