■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CANNON, Appellant. [761 NYS2d 46] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J., at suppression hearing; Dora Irizarry, J., at jury trial and sentence), rendered February 8, 2001, convicting defendant of robbery in the first degree (four counts), burglary in the first degree (four counts), criminal possession of a weapon in the third degree and menacing in the second degree, and sentencing him to four consecutive terms of 10 years on the robbery convictions, to run concurrently with four consecutive terms of 10 years on the burglary convictions, to also run concurrently with concurrent terms of 7 years and 1 year on the remaining convictions, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that only two of the sentences on the robbery convictions be served consecutively and that the sentences on the other two robbery convictions be served concurrently with each other and with all other sentences, and likewise directing that only two of the sentences on the burglary convictions be served consecutively and that the sentences on the other two burglary convictions be served concurrently with each other and with all other sentences, so that the original aggregate determinate term of 40 years is replaced by an aggregate term of 20 years, and otherwise affirmed.

The court properly denied defendant's motion to sever the counts relating to the separate incidents. In the first place, the court properly denied this motion as untimely, since it was made during trial and defendant did not establish good cause (*see* CPL 255.20 [3]).

In reaching the merits of the motion in the alternative, the court properly declined to grant a discretionary severance pursuant to CPL 200.20 (3). These counts were properly joined under CPL 200.20 (2) (c) and defendant did not establish good cause for a severance (*see People v Streitferdt,* 169 AD2d 171, 176 [1991], *lv denied* 78 NY2d 1015 [1991]). While there was additional evidence supporting the last incident, there was no material variance in the quantity of proof presented with respect to the various offenses (*see People v Ndeye,* 159 AD2d 397 [1990], *lv denied* 76 NY2d 793 [1990]). Each victim had a good

opportunity to view the assailant and made a reliable identification. All but one victim identified defendant at trial, and that victim identified the knife used. Furthermore, since defendant was acquitted of the charges relating to one of the incidents, his claim that the jury was unable to consider separately the evidence pertaining to each incident is purely speculative (*see People v Jones,* 244 AD2d 359 [1997], *lv denied* 91 NY2d 974 [1998]). Finally, defendant failed to make a convincing showing that he had important testimony to give concerning some counts and a strong need to refrain from testifying as to others (*see People v Lane,* 56 NY2d 1 [1982]). While defendant claims he wanted to testify in order to explain some consciousness-of-guilt evidence arising out of the last incident, that evidence was a very minor component of the People's proof.

Viewed as a whole and in context of the evidence, the court adequately instructed the jury to consider the evidence supporting each charge separately (*see People v Fields,* 87 NY2d 821 [1995]). As previously noted, the jury acquitted defendant of the counts relating to one of the incidents.

The court properly denied defendant's suppression motion. The showup identification by the victim of the last incident, which occurred about 30 to 40 minutes after the robbery and about 12 blocks away from the scene of the crime, immediately following a showup identification by an eyewitness, was within permissible spatial and temporal proximity to the crime and was part of a continuous investigation (*People v Brisco,* 99 NY2d 596 [2003]). The fact that a witness had already identified defendant did not render the showup inappropriate (*People v Duuvon,* 77 NY2d 541, 545 [1991]), and the fact that defendant was handcuffed and under police guard did not render the identification unduly suggestive (*id.*).

We find the sentence excessive to the extent indicated.

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Ellerin, Williams, Lerner and Gonzalez, JJ.