■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT COLEMAN, Appellant. [803 NYS2d 851]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered April 3, 2003. The judgment convicted defendant, upon his plea of guilty, of sodomy in the first degree, sexual abuse in the first degree, and robbery in the third degree.

It is hereby ordered that the judgment so appealed from be

and the same hereby is unanimously modified on the law by vacating the sentence imposed on robbery in the third degree and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing on count three of the indictment.

Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of sodomy in the first degree (Penal Law former § 130.50 [1]), sexual abuse in the first degree (§ 130.65 [1]), and robbery in the third degree (§ 160.05). Defendant contends that his waiver of the right to appeal is invalid because "there is reason to believe that [he] did not understand the question County Court was asking him." Contrary to the contention of defendant, the record establishes that his waiver of the right to appeal was knowingly, intelligently, and voluntarily entered (see People v Hidalgo, 91 NY2d 733, 736 [1998]; People v Moissett, 76 NY2d 909, 910-911; People v Brown, 281 AD2d 962 [2001], lv denied 96 NY2d 899 [2001]). Nevertheless, the waiver by defendant of the right to appeal does not encompass his challenge to the legality of the sentence (see People v Seaberg, 74 NY2d 1, 9 [1989]). Here, the certificate of conviction and sentencing minutes establish that defendant was sentenced as a persistent violent felony offender on the conviction of robbery in the third degree. That sentence is illegal, however, because the crime of robbery in the third degree is not a violent felony offense (see Penal Law § 70.02 [1] [c]; People v Harris, 304 AD2d 355, 356 [2003], lv denied 100 NY2d 582 [2003]; People v Malone, 102 AD2d 737 [1984]). Thus, we modify the judgment by vacating the sentence imposed on robbery in the third degree, and we remit the matter to County Court for resentencing on count three of the indictment.

Finally, the waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence (see Hidalgo, 91 NY2d at 737). In any event, we conclude that the sentence with respect to sodomy and sexual abuse is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.