■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL F. TESTER, Appellant. [834 NYS2d 765]—Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered July 8, 2003. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Upon appeal from a judgment convicting him following a jury trial of burglary in the third degree (Penal Law § 140.20) and petit larceny (§ 155.25), defendant contends that County Court erred in failing to instruct the jury that the People had the burden of disproving his alibi defense beyond a reasonable doubt. Defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]) and, in any event, "the charge as a whole conveyed the necessary information regarding the People's burden of proof" (*People v Edwards*, 3 AD3d 504, 505 [2004], *lv denied* 2 NY3d 762 [2004]). Defendant failed to preserve for our review his further contention that the court erred in allowing the prosecutor to cross-examine an alibi witness (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). By failing to make a motion specifically directed at the alleged error raised on appeal, defendant also failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d

10, 19 [1995]). Finally, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.