THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO RAMOS, Also Known as ADAM RAMOS, Appellant. [851 NYS2d 724]—

Lahtinen, J. Appeal from a judgment of the County Court of Fulton County (Giardino, J.), rendered February 1, 2002, upon a verdict convicting defendant of the crimes of burglary in the second degree and criminal mischief in the third degree.

In November 2000, defendant and an accomplice allegedly entered the residence of Lawrence McWalker Sr. and Lawrence McWalker Jr. in the City of Gloversville, Fulton County, wielding a baseball bat and a horseshoe and demanding to know the location of Angel Rivera, who ostensibly was the boyfriend of McWalker Sr.'s daughter. When the McWalkers denied that Rivera was there, defendant reportedly threw a horseshoe into the screen of the television and shattered a glass coffee table with the bat while his accomplice toppled their computer onto the floor and tore the telephone from the wall. McWalker Jr. then gave a false address for Rivera and, when the perpetrators exited the premises, he went to a nearby convenience store to call the police. The following day, the McWalkers separately identified defendant from a photo array shown to them by a detective from the Gloversville Police Department. Defendant was eventually indicted for one count of burglary in the second degree and one count of criminal mischief in the second degree. Following a jury trial, he was convicted of the burglary count and a reduced count of criminal mischief in the third degree. Defendant was sentenced, as a second violent felony offender, to concurrent prison terms of 12 years for the burglary conviction and four years for the criminal mischief conviction. Defendant appeals.

Defendant initially argues that County Court erred in denying his motion to dismiss the indictment based upon alleged prosecutorial misconduct before the grand jury. "Dismissal is a drastic, exceptional remedy and 'should thus be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury' " (*People v Moffitt*, 20 AD3d 687, 688 [2005], *lv denied* 5 NY3d 854 [2005], quoting *People v Huston*, 88 NY2d

400, 409 [1996]). "The likelihood of prejudice turns on the particular facts of each case, including the weight and nature of the admissible proof adduced to support the indictment and the degree of inappropriate prosecutorial influence or bias" (*People v Huston*, 88 NY2d at 409; *see People v Adessa*, 89 NY2d 677, 684-685 [1997]). Allegations of misconduct by the prosecutor before the grand jury include eliciting information about defendant's criminal record, leaving before the grand jury the photo array from which defendant was identified, and requiring defendant's alibi witnesses to sign waivers of immunity but not requiring the same of the prosecution's witnesses. Upon review of the grand jury minutes and noting legally sufficient evidence to support the charges, we agree with County Court that, while hardly exemplary conduct by the prosecutor, the errors nevertheless do not rise to the level of establishing that the proceeding was legally impaired or resulted in prejudice to defendant requiring dismissal (*see People v Levandowski*, 8 AD3d 898, 900 [2004]).

Next, we consider defendant's contention that his speedy trial rights were violated. Determining whether the People have satisfied their statutory speedy trial obligation to be ready for trial within six months of the commencement of a felony action (*see* CPL 30.30 [1] [a]) is "generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (*People v Cortes*, 80 NY2d 201, 208 [1992]). This criminal action was commenced with the filing of a felony complaint on November 22, 2000, the People's statement of readiness was filed on March 13, 2001, with 41 of those days excludable (*see* CPL 30.30 [4] [b], [f]), leaving 70 days attributable to the People. The focus thus shifts to whether the People are chargeable with any postreadiness delays between the filing of the statement of readiness and the trial which commenced on December 3, 2001. The relevant postreadiness delay involved prosecutorial laxity in responding to a motion which did not constitute a direct impediment to commencing the trial and, accordingly, is not chargeable to the People (*see People v England*, 84 NY2d 1, 5 [1994]; *People v Anderson*, 66 NY2d 529, 534 [1985]; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 30.30, at 211). The People did not run afoul of the statutory speedy trial and, upon considering the factors set forth in *People v Taranovich* (37 NY2d 442, 445 [1975]), we find defendant's constitutional speedy trial argu-

ment to be unavailing (*see People v Golgoski*, 43 AD3d 551, 552-553 [2007]; *People v Simpson*, 34 AD3d 934, 935 [2006], *lv denied* 8 NY3d 849 [2007]).

Defendant asserts that the identification testimony of the victims should have been suppressed upon the ground that the photo array* was improper. We have reviewed the five photographs, which depict individuals with similar characteristics, and are unpersuaded that the array was unduly suggestive (*see People v McDonald*, 306 AD2d 696, 696-697 [2003]). To the extent that the detective presenting the array may have suggested to the witnesses that the suspect was included in the array, such conduct does not fatally infect the procedure (*see People v Bourne*, 46 AD3d 1101, 1102-1103 [2007]; *People v Brennan*, 261 AD2d 914, 915 [1999], *lv denied* 94 NY2d 820 [1999]). The method used to present the array, in which one witness remained in a separate room of the McWalkers' residence while the other witness viewed the array, did not taint the identification of the second witness under the circumstances (*see People v Rodriguez*, 17 AD3d 1127, 1129 [2005], *lv denied* 5 NY3d 768 [2005]; *People v Cummings*, 109 AD2d 748, 748-749 [1985]).

We are unpersuaded by defendant's argument that he did not receive the effective assistance of counsel. "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 147 [1981] [citations omitted]; *accord People v Henry*, 95 NY2d 563, 565 [2000]; *People v Benevento*, 91 NY2d 708, 712 [1998]). Here, review of the record reveals that defense counsel forcefully made appropriate motions, sought relevant disclosure, effectively cross-examined the prosecution's witnesses, produced witnesses favorable to the defense, made many appropriate objections and otherwise zealously represented defendant (*see People v Williams*, 8 NY3d 854, 855-856 [2007]). The errors alleged by defendant are made up primarily of second-guessing with the advantage of hindsight (*see People v Turner*, 5 NY3d 476, 480 [2005]; *People v Benevento*, 91 NY2d at 712) and do not rise to the level of ineffective assistance. With regard to defendant's argument of ineffectiveness under

---

* Defendant has filed an additional submission alleging that the photo array exhibit was tampered with by the prosecutor and the prosecutor has submitted a response thereto. Notwithstanding that said submissions were received after the calendar date of this appeal, they have been accepted and considered. This additional allegation is without merit.

the federal constitution, "[b]ecause our state standard . . . offers greater protection than the federal test" and the higher state standard was satisfied, this argument necessarily fails (*People v Caban*, 5 NY3d 143, 156 [2005]).

Defendant asserts that County Court erred in imposing a determinate prison sentence of four years for his conviction of criminal mischief in the third degree. Since criminal mischief in the third degree is not a violent felony (*see* Penal Law § 70.02 [1] [d]; § 145.05), the People now concede that defendant should have been sentenced to an indeterminate term as a second felony offender rather than a determinate term as a second violent felony offender for such crime (*see People v Harris*, 304 AD2d 355, 356 [2003], *lv denied* 100 NY2d 582 [2003]; *People v Peraza*, 288 AD2d 689, 692 [2001], *lv denied* 97 NY2d 707 [2002]; *see also People v Coleman*, 23 AD3d 1033, 1034 [2005]).

The remaining arguments have been considered and found unavailing.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed upon defendant's conviction of criminal mischief in the third degree; matter remitted to the County Court of Fulton County for resentencing on said count; and, as so modified, affirmed.