THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WEST, Appellant. [926 NYS2d 659]—

The defendant's contention that the trial court erred in permitting opinion testimony from a homicide and forensic consultant without qualifying him as an expert is without merit. A trial court is not required to formally declare or certify a witness to be an expert (*see People v Prowse*, 60 AD3d 703, 704

[2009]; *People v Jean-Laurent*, 51 AD3d 818, 818-819 [2008]; *People v Wagner*, 27 AD3d 671, 672 [2006]). Further, contrary to the defendant's contention, the witness's testimony was not within the common knowledge or experience of the average layperson, and did not invade the province of the jury (*see People v Lee*, 96 NY2d 157, 162 [2001]; *People v Ocampo*, 52 AD3d 741, 742 [2008]; *People v Menendez*, 50 AD3d 1061, 1061-1062 [2008]; *People v Harris*, 249 AD2d 775, 776 [1998]; *People v Rivera*, 236 AD2d 428, 429 [1997]; *People v McDonald*, 231 AD2d 647, 647-648 [1996]).

The defendant's contention that he was prejudiced by the denial of his application to sever the trial as to each of the victims of the crimes because the jury was unable to consider the evidence pertaining to each victim separately is purely speculative, especially in light of the fact that the jury acquitted the defendant of the count related to the second victim (*see People v Cannon*, 306 AD2d 130, 131 [2003]; *People v Jones*, 244 AD2d 359, 360 [1997]; *People v Berta*, 213 AD2d 659, 660 [1995]; *see also People v Brennin*, 184 AD2d 715, 715-716 [1992]; *People v Squires*, 171 AD2d 893, 894 [1991]). Morever, to avoid the possibility of prejudice, the trial court repeatedly instructed the jury to consider the evidence with respect to each incident separately, and that the proof in one case could not be used as proof in the other case (*see People v Gwathney*, 298 AD2d 526, 527 [2002]; *People v Hendricks*, 192 AD2d 552, 553 [1993]; *People v Rose*, 187 AD2d 617, 618 [1992]).

The defendant's contentions that certain remarks made by the prosecutor during her summation were improper and, thus, deprived him of a fair trial are unpreserved for appellate review (*see* CPL 470.05 [2]). The defendant did not object to the comments he now challenges (*see People v Romero*, 7 NY3d 911, 912 [2006]; *People v Damon*, 78 AD3d 860 [2010]) or made only unspecified, general objections (*see People v Romero*, 7 NY3d at 912; *People v Harris*, 98 NY2d 452, 492 n18 [2002]). Further, certain objections were sustained without any further request for curative instructions (*see People v Heide*, 84 NY2d 943, 944 [1994]; *People v Damon*, 78 AD3d 860 [2010]), or were raised for the first time in a motion for mistrial after the completion of summations (*see People v Romero*, 7 NY3d at 912; *People v LaValle*, 3 NY3d 88, 116 [2004]). In any event, to the extent that any of the challenged remarks were improper, they did not deprive the defendant of a fair trial (*see People v Rayford*, 80 AD3d 780 [2011], *lv denied* 16 NY3d 835 [2011]; *People v Cruz*, 79 AD3d 1145 [2010]; *People v Rudd*, 62 AD3d 729 [2009]).

The defendant's contention that the trial court erred in

precluding evidence of third-party culpability at trial is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the proffered evidence was either lacking in probative value or inadmissible as hearsay (*see People v Primo*, 96 NY2d 351 [2001]; *People v Molina*, 79 AD3d 1371, 1376 [2010]; *People v Rodriguez*, 295 AD2d 456 [2002]; *People v Otero*, 288 AD2d 67, 67-68 [2001]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Florio, Austin and Cohen, JJ., concur.