The People of the State of New York, Respondent,
against
Reginald Herbin, Appellant.




New York City Legal Aid Society (Jeffrey Dellheim of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ruth E. Ross and Rebecca L. Visgaitis of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Alexander Jeong, J.), rendered May 11, 2011. The judgment convicted defendant, after a nonjury trial, of public lewdness, attempted endangering the welfare of a child, and two counts of harassment in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
On September 12, 2010, the People charged defendant, in an information, with public lewdness (Penal Law § 245.00), endangering the welfare of a child (Penal Law § 260.10 [1]), and harassment in the second degree (two counts) (Penal Law § 240.26 [1]), based on allegations that, in a subway station, defendant had exposed and "manipulated" his penis in front of a mother and her daughter, the latter being less than 17 years old.
At a Sandoval hearing, the prosecutor sought to confront defendant with each of his 85 prior felony and misdemeanor convictions should he testify on his own behalf, and with the underlying facts of certain of the prior convictions of public lewdness. The Criminal Court, articulating the proper standards of review, ultimately limited the confrontation to 21 convictions occurring since 2001, four of which were for public lewdness, but without reference to their underlying facts.
At a nonjury trial, at which defendant appeared pro se with an attorney present as a legal [*2]advisor, the mother and daughter testified as to defendant's presence and conduct on the subway platform. A police officer described defendant's arrest, which occurred within minutes of the incident and a short distance from the subway station following both victims' positive identification, and defendant's appearance, which matched the victims' prior descriptions of the perpetrator. Testifying on his own behalf, defendant insisted that he had been doing work in his unit at a nearby storage facility at the time of the offense. He was confronted, on cross-examination, with 12 of his prior convictions, including those for public lewdness, and without reference to their underlying facts. In response to a request by defendant's legal advisor for an alibi charge, the court replied that it was unaware of precisely the charge defendant wanted, and counsel replied only that she had no other charge requests. Following the trial, the court convicted defendant of all counts. Defendant appeals, challenging the court's Sandoval ruling and the court's refusal to grant an alibi charge.
To the extent that the prior convictions implicated larceny or misrepresentation, they were "highly probative of [defendant's] credibility" (People v Fulford, 280 AD2d 682, 682 [2001]). With respect to the four prior public lewdness convictions, it is well settled that "to specialize in one type of criminal activity [does] not shield [the defendant] from impeachment by use of prior convictions" (People v Mack, 6 AD3d 551, 551 [2004]; see People v Smith, 18 NY3d 588, 594 [2012]; People v Mattiace, 77 NY2d 269, 275-276 [1990]), a rule which has been applied to sexual offenses (see People v Hayes, 97 NY2d 203, 208 [2002]). "[T]here are no per se rules requiring preclusion because of the age, nature and number of a defendant's prior crimes" (People v Walker, 83 NY2d 455, 459 [1994]). Even were we to conclude that the trial court "might have been more discriminating" in its ruling (People v Walker, 83 NY2dat 458; see also People v Williams, 12 NY3d 726, 727 [2009]), the court's determination to preclude reference to the underlying facts "reflects sensitivity to the particular prejudice that may result when a [factfinder] is made aware of the fact that the defendant has previously committed crimes that are similar to the charged crime" (People v Walker,83 NY2d at 459; see e.g. People v Williams, 12 NY3d at 727; People v Ragland, 136 AD3d 845, 845 [2016]; People v Young, 115 AD3d 1013, 1014 [2014]; cf. People v Williams, 56 NY2d 236, 240 [1982]). Thus, in light of the deference normally accorded a trial court with respect to the exercise of Sandoval discretion, the assumption that a trial court applies the appropriate standards when considering the probative worth of impeachment testimony as against its implication to establishing criminal propensity (see People v Novak, 30 NY3d 222, 227 [2017]; People v Moreno, 70 NY2d 403, 406 [1987]), and the overwhelming evidence of defendant's guilt, even if the Criminal Court improvidently exercised its discretion, the error, if any, was harmless, there being no significant probability that defendant would have been acquitted but for that error (see People v Grant, 7 NY3d 421, 424 [2006]; People v Crimmins, 36 NY2d 230, 241, 242 [1975]; cf. People v Williams, 56 NY2d at 241-242]).
At a charge conference, defendant asked the court to charge itself with "the alibi defense," based on his claim, supported by his own testimony, that the police, on the basis of errant identifications, had arrested the wrong person. The court declined to adopt such a charge, in our view erroneously. As an ordinary defense, alibi must be disproved by the People beyond a reasonable doubt (see People v Victor, 62 NY2d 374, 378 [1984]), and where, as here, a defendant "takes the stand in his own defense and testifies that he was elsewhere at the time the [*3]crime was committed, the testimony is legally sufficient to raise an alibi defense, and the defendant is entitled to an alibi charge upon his request" (People v Brown, 30 AD3d 609, 610 [2006], citing People v Warren, 76 NY2d 773, 775 [1990]). However, as a general rule, a court, sitting as the trier of fact, is presumed, "by reasons of . . . learning, experience and judicial discipline, [to be] uniquely capable of distinguishing the issues and of making an objective determination based upon appropriate legal criteria" (People v Moreno, 70 NY2d at 406). While this presumption may not apply where, for example, a court, over objection, "clearly" relies on evidence that was inadmissible or incompetent to support the factual or legal conclusions purported to have been drawn therefrom (People v Smith, 18 NY3d 544, 552 [2012]; see People v Pabon, 28 NY3d 147, 158 [2016]; Matter of State of New York v Kerry K., 157 AD3d 172, 189 [2017]), a proper charge—to the effect that the People must prove that the defendant committed the offense beyond a reasonable doubt—may render harmless a failure to deliver a specific charge in relation to an alibi defense (see People v Warren, 76 NY2d at 775; People v McCormick, 117 AD3d 754, 755 [2014]; People v Tester, 39 AD3d 1206, 1206 [2007]; People v Green, 31 AD3d 1048, 1050-1051 [2006]; People v Edwards, 3 AD3d 504, 504-505 [2004]). In the case of a bench trial, the court is presumed to have charged itself properly with respect to such general matters as the elements of the offense and the burden of proof (see e.g. People v Cabrera, 137 AD3d 707 [2016]), and the court's error in declining to charge itself that the People must disprove the alibi defense beyond a reasonable doubt does not require an inference that it otherwise failed to apply the correct general standards for evidentiary sufficiency. In any event, the error may be deemed harmless given the quantum of proof adduced at the trial (see e.g. People v Merritt, 265 AD2d 733, 734 [1999]; People v McFarlane, 187 AD2d 734, 735-736 [1992]).
The testimony of the two witnesses to defendant's conduct was strong and unequivocal as to defendant's identity as the person who had exposed himself to them, and their description of the perpetrator, in terms of his physical appearance, clothing and possessions, was corroborated by the arresting officer's description of the person arrested near the crime scene shortly after the offenses occurred. In support of his alibi defense, defendant testified, among other things, that he had arrived at a storage facility, located a few blocks away from where the offenses occurred, sometime after 5:00 p.m., and that he had accessed the elevator there at 5:53 p.m., documentary proof of which he provided as an exhibit. Since the offenses were alleged to have occurred between 5:30 p.m. and 5:42 p.m., and defendant was arrested sometime after 6:00 p.m., in the absence of documentary proof that he had accessed the storage facility prior to or at the time of the incident, defendant's account permits an inference that he had entered the facility after committing the offenses and that he had been present at the facility from 5:53 p.m. until shortly before he had been arrested. In light of the weakness of the alibi defense and the presumption that the court adopted the proper standard for evidentiary review, the failure to adopt the alibi charge was harmless.
Accordingly, the judgment of conviction is affirmed. 
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 30, 2018